*George  Patrick Hovarth*. RiB# #5683
Hovarth & Hovarth
75 Park Place
Pawtucket, R.I. 02860
(401) 723-9010
email:ghovarthesq@verizon.net
and
*Edward John Mulligan*, RIB 0143
50 Park Row West, Suite 111
Providence, R.I. 02903
(401) 453-3950
e-mail: ejmull@cox.net
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| | No.17-366-M-LDA |
| JANE Doe parent and next of friend of MARY DOE, a minor in and for her own behalf and in their own right, | |
| Plaintiffs, | |
| v. | |
| CITY OF PAWTUCKET, RHODE ISLAND PATTI DeCENSO, SUPERINTENDENT OF PAWTUCKET SCHOOL DEPARTMENT, In her official and individual capacity; PAWTUCKET SCHOOL COMMITTEE and Pawtucket School Committee Members: Gerald Charbonneau, Chairman, Michael Araujo, Joanne Bonollo, Erin Dube, John J. Crowley, Joseph Knight, and Elena Vasquez, in their official capacity; Linda Gifford, School Principal of PAWTUCKET LEARNING ACADEMY, in her official and individual capacity; Shaun W. Strobel, Pawtucket City Treasurer; and unknown Richard and Rita Roes, | AMENDED COMPLAINT AND JURY DEMAND |
| Defendants | |

**FIRST AMENDED COMPLAINT AND JURY DEMAND
ON BEHALF OF MARY DOE A MINOR ETC.**

INTRODUCTION

After this matter was filed with this Court, the defense counsel requested a hearing in

connection with educational placement of the minor plaintiff.  A hearing was held and an

ongoing ORDER was entered to the effect that the minor plaintiff was to be placed in St.

Andrews for the school year, based on the medical reports and the need for the same.  Minor

plaintiff's need for educational private placement has not changed and she continues to remain

enrolled and for the foreseeable future, still remains in the same need for private placement at

St. Andrews.

At the time of the hearing and ongoing ORDER, all of the defendants had representation,

although no formal entry of appearance was filed.

Those counsel have formally entered their appearance and an additional counsel has since

entered her appearance for the School Superintendent.

As of this date, all counsel have requested several extensions to file their Answer(s).

[Plaintiffs have served all defense counsel with a Rule 26 Initial Disclosure.]

THE AMENDED COMPLAINT ALLEGATIONS

THIS CAUSE OF ACTION arises from the defendants' deliberate indifferent response to a

student-upon student sexual assault and rape on school premises, teacher assault, sex-based

harassment and hostile environment, discrimination, violation of civil rights, retaliation and

state causes of action.

This action alleges violations of Title IX:  failure to promulgate a Title IX policy in conformity

with Title IX; violations of Title VII and   Section 504 of the Rehabilitation Act of 1973; Denial

of equal protection of plaintiff's civil rights under 42 U. S. C. §1983; Retaliation; and for

various state actions, such as:  violation of R. I. G. L. § 16-2-17; violation of plaintiff's right to

a safe school, and violations of the sections under Title  16-2; as well as violation of the

Pawtucket School Committee's core policy for protection from child abuse; neglect prevention;

Violation of prompt detection when a child is abused; Deliberate indifference; Common law

negligence, and Intentional claims.  All as hereinafter shown in this Complaint.

 Plaintiffs, through counsel, hereby file the following complaint against the defendants captioned

above, viz:

> I.      **JURISDICTION AND VENUE**

1.      This Court has subject matter over this cause pursuant to 28 U.S. C. § 1343 which gives

district courts jurisdiction over all civil actions arising under the Constitution, laws and treaties

of the United States.

2.      This Court has subject matter over this cause pursuant to 28 U. S. C. § 1343 which gives

district courts jurisdiction over (a) a civil action authorized by law to be brought by any person

to redress the deprivation under color of law of any State Law, statute, ordinance, regulation,

custom or usage of any right, privilege, or immunity secured by the Constitution of the United

States or by any Act of Congress providing for equal rights of all citizens within the jurisdiction

of the United States; and (b) any civil action to recover damages or secure relief under any Act of

Congress providing for the protection of civil rights.

3.      Plaintiffs bring this action for and in behalf of her minor daughter to redress a hostile

educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S. C.

§ 1681 (a), Title VII and Section 504 of the Rehabilitation Act of 1973; as more fully hereinafter

 set forth.

4.      This is also an action to redress deprivation of plaintiffs' constitutional rights under the

United States Constitution pursuant to 42 U. S. C. 1983

5.     This is also an action for violations of plaintiffs' rights and injuries under state law, as more fully hereinafter set forth.

6.     Venue is proper before this court under 28 U. S. C.  § 1391 (b), all of the defendants reside or resided in this district and/or events giving rise to the claims occurred in this district.

## II.     THE PARTIES

7.     Plaintiffs are all residents of Providence County and are citizens of Rhode Island.

8.     Defendant Patti DeCenso is the Superintendent for the Pawtucket School Department and is a resident of Rhode Island, who is sued in her official and in her individual capacity.

9.     Defendant Linda Gifford is the principal of the Pawtucket Learning Academy ("PLA"), part of the Pawtucket School District, located on 286 Main Street in the City of Pawtucket.

10.     Defendant City of Pawtucket is a Rhode Island municipality and it is the recipient of federal educational funding for PLA, one of its district schools and all of its school districts.

11.     Defendant Shaun W. Strobel is the City Treasurer for the Defendant City of Pawtucket and is being sued, as such, in his official capacity

12.     Defendants Gerald Charbonneau, Chairman, Michael Araujo, Joanne Bonollo, Erin Dube, John J. Crowley, Joseph Knight, and Elena Vasquez are residents of Rhode Island and comprise the members of the Pawtucket School Committee and each are being sued, as such, in their official capacity

13.     At the time of the filing of this Complaint there remain unknown Richard Doe and Rita Doe defendants, and plaintiff reserves the right, with leave of court, to amend this Complaint, upon reasonable discovery of said presently unknown putative defendants.

14.      Minor plaintiff is a disabled person or is treated and/or is known as a disabled person, under federal and/or state law, and she has life expectancy of 81.10 years, under the Federal

Social Security Actuarial Life Tables, at present.

### III.    GENERAL DUTIES

15.    The general duties of the defendants relative to the education of its school students, especially the minor plaintiff, are and were imposed by federal and state law, by written polices, and procedures applicable to defendants, but not limited. It includes the following:

"Duty to use reasonable care to protect students from known or foreseeable dangers;

Duty to enact policies that are not in contravention of the Federal Civil Rights Act, section 1983, and the 14th Amendment to the United States Constitution;

Duty to enact policies that are not in contravention of Article 1, sections 2, 5, 23, 24 and Article XII, of Education, Section 1 of the Rhode Island Constitution;

Duty to protect students and provide adequate supervision;

Duty to properly train and continually train teachers, school faculty, youth counselors, mentors, administrators and staff so that they are aware of their individual responsibility for creating a   maintaining as safe environment;

Duty to supervise faculty and students and enforce rules, policies, and regulations prescribed for schools, especially PLA, exercise reasonable control over students as is reasonably necessary to maintain order, protect property, protect the health and safety of students and/or maintain proper and appropriate conditions conducive to learning;

Duty to exercise careful supervision and the moral conditions of the school;

Duty to properly monitor and supervise students, prevent or control harmful situation and/or  calls for help when a situation is beyond their control;

Duty ensure that personnel are actually on hand and supervising students;

Duty to provide sufficient and adequate supervision to students;

Duty to supervise diligently;

Duty to act promptly and diligently and not ignore or minimize problems;

Duty to refrain from violating minor plaintiff's right to protection from restraint or harm, from personal insult and from injury to her personal relations;

Duty to report suspected student abuse;

Duty to prevent discrimination or sexual harassment and/or sexual assault from occurring in public educational facilities;

Duty to promptly investigate and report all actions of sexual abuse against students.

General State General Powers and Duties of School Committees are set forth in R.I. §16-2-9, and are made a part hereof.

In addition, by separate state statute R.I. §16-2-17 the defendants have a duty to protect the right of the minor, as well as public school students to a "safe school," which, *inter alia,* is safe and secure, conducive to learning, free from threat, and actual or implied of physical harm by a disruptive student.

Moreover, the defendant school committee, has further set forth its duties under its core belief and commitment of the Pawtucket School Committee, adopted: June 13, 1988, that the Pawtucket School Committee believes, as follows:
* * *
A strong and equitable public education system is central to our democracy and a healthy economy.
* * *
. . .Schools have an enormous impact on children's lives . . .and have a profound impact on every child's life.

. . . We will have a qualified teacher in every classroom and a qualified principal in every school who is an instructional leader.

We believe all children should be taught in a safe, orderly and secure learning environment.

We will ensure learning and work environments are safe and secure so that each student and staff member will achieve high levels of performance."

**IV:    FACTS**

16.    This matter involves several sexual assault and molestation, discriminatory, and/or harassment acts perpetrated against the minor plaintiff, Mary Roe (hereinafter "minor" and/or "plaintiff"), who at the time of these willful, wanton, wrongful, reckless, malicious and/or criminal acts took place at defendant school, where said minor was a student and was still 13 years of age.  And further, such acts were severe, pervasive, objectionably offensive, and also

had the direct effect of undermining and being detrimental to minor plaintiff's educational

access, resources and opportunities and to her health, well being and caused and will continue to

cause further harm.

17.     One or more of the sexual assaults and molestations took place during school hours.

18.     Recently, an incident, this past April, also involved an allegation, as to a member of

the school faculty, which, upon information and belief, involved said member of the faculty,

who, during regular school hours, had on one occasion came up to her and smacked her in the

buttocks.  And this incident, that day, despite being known by the defendants, defendants

took no action, at that time.

19.     On or about April of 2016, a male co-student got behind minor, in the school, during gym

and attempted to thrust his genital area into her clothed buttocks.

20.     A gym teacher witnessed the sexual assault and sent the perpetrator to the defendant

principal's office, where upon information and belief, he was later arrested.  Defendants school

superintendent and school principal had or should have had knowledge of this sexual assault, as

well as other sexual assaults referenced herein.  However, neither the defendant school

superintendent, the defendant school principal nor any person affiliated with the defendant

school, who had knowledge or should have had knowledge--but for a willful blind- eye and

intentional disregard of the same--willfully failed to notify the minor's parents or the minor

herself of any investigation in this regard or any punishments or orders imposed that directly

relate to the minor victim.

21.     At that time and well beforehand, the defendant school principal and other teachers

and school personnel, as well as the defendant superintendent knew or should have known that

the Minor was and had been subjected to sexual assaults and discrimination, but each stood

indifferent to her plight and situation, notwithstanding that they each had the power and duty to rectify and set into action, procedures to prevent the such assaults and/or discrimination.

22.     During school hours, on other occasions, a co-student would grab her buttocks, and defendants school superintendent and/or school principal, knowing of said act, deliberately being indifferent to the same, despite having the power and duty to take steps to rectify and prevent such acts, assaults and discrimination stood deliberately indifferent and/or willfully turned a blind-eye to such acts.

23.     Sometime in May of 2016, a 17 year-old student, touched minor plaintiff's buttocks and vaginal area over and under her clothing, near the bathroom area of the school, which the defendant school knew or should have been aware of --but took deliberately stood indifferent and too no steps to prevent. the same.

24.     Indeed, a number of the male co-students touched "her all of the time."  And the defendant school and defendants knew or should have known of these sexual assaults and did little or nothing to prevent the same or to discourage the male-co-students continuing misconduct.

25.     On or about June 7, 2016 the most serious sexual assault and battery, a rape of the Minor, was committed on her when she was 13 years of age.  The rape was perpetrated by one Ivanger  DeBurgo ("DeBurgo"), an adult co-student and the perpetrator, who should not have been in the school at that time, when, while, and where minor plaintiff was awaiting for her father pick her up from school.

26.     DeBurgo was well-known to the defendant school, the defendant school superintendent, the defendant school principal and school teachers and other school personnel to be a violent person, who earlier had disrupted Pawtucket school classes and attacked a school security

official.  In short, he was a danger to the safety of minor plaintiff and other minor students.

27.     Indeed, DeBurgo had raped another minor female student, then approximately 13 years of age, on the school premises, and during school hours.  This incident was known to other students and was known or should have been known by school personnel, who had the duty and power and authority to take corrective actions to protect the safety of the minor plaintiff and other minor students--but, defendants and other presently unknown members of the defendant school and school department, with such power and authority, took no required corrective action taken to protect students from the rapist DeBurgo and to have him removed from the school and referred the matter to the police.  Notwithstanding the fact that defendants knew or by turning a willful blind eye and/or with deliberate indifference should have known that DeBurgo was a "ticking time bomb," to the safety and security of the minor plaintiff and other minor students.

28.     DeBurgo had first left the school premises when school had let out around and he next attempted to gain re-entry into the school, but he was told by the school principal and/or the school resource officer, both of whom had the power, authority and duty to immediately remove him from the school premises, but failed to do so.

29.   Sometime shortly before 3:30 p. m. the subject rape by the perpetrator DeBurgo took place at the defendant school, after school had let out while DeBurgo had no right to be on the school premises, and after having been told to leave the premises.

30.     After school had let out, the premises should have been locked down and/or secured from entry by unauthorized persons, especially by DeBurgo.

31.     Indeed, the defendant school, at all times material, failed to have in place and operation a security system and trained personnel, at the time of the event to prevent entry by unauthorized

persons such as DeBurgo and others, after school hours.

32.     While DeBurgo gaining unlawful entry, at that time, the remaining school officials knew or should have known that DeBurgo had wrongfully re-entered the school premises and such school officials knowing or who should have known that he was a danger and/or that he had no right to be on the premises, after school had closed; they should have taken steps to prevent him from remaining on the school premises.

33.     After gaining re-entry, DeBurgo was not stopped or prevented from roaming about the premises.

34.     At or about this time, plaintiff had to use the lavatory and while the plaintiff was using the lavatory or bathroom, DeBurgo, who should have been detected by school personnel that he still unlawfully remained in the school; De Burgo opened the lavatory door, forced the Minor on the sink, held her arm down, pulled some of her clothing down, and forced penile vaginal penetration.

35.     After the rape, DeBurgo told the Minor, "You better keep quiet, keep your mouth shut." Or: "You'll have to deal with the kids from Prospect."

36.     Upon information and belief, one of the teachers or a school secretary noticed, or ought to have noticed, that the plaintiff had not returned from the lavatory.

37.     At this point in time, such teacher and/or school secretary next went to the lavatory and knocked on the door.

38.     At that time, DeBurgo told the Minor to hide and he threatened her.

39.     The teacher and/or school secretary opened the door and saw both DeBurgo and the minor in the lavatory but took no steps to investigate or contact the police or anyone in personnel and/or had not been suitably trained to sufficiently investigate what was going on, or

why the adult DeBurgo was on the premises and in the lavatory; or to immediately contact

the police and/or to immediately contact the defendant school principal, who had left the

premise-- before taking   steps to ensure that the premises were safe and secure and/or that steps

had been taken to prevent DeBurgo from being in the after-hours school premises.

40      At that time, the school and the school principal intentionally, deliberately, indifferently,

and/or knowingly allowed DeBurgo to gain access into the school.  And the school teacher on

duty and/or person assigned to be on duty and/or in charge failed to supervise the premises and

protect the minor plaintiff, knowing or who should have known that DeBurgo had earlier raped

another minor female student, who was then 13 years of age, and that DeBurgo was a sexual

perpetrator of minors--who should not have been allowed on the school premises or anywhere

 near the school or anywhere near any of the female students.

41.      The following day, the Pawtucket Police Department, in accordance with City and

School policy, interviewed the minor, without the consent of her parents and outside of their

presence or that of an attorney, and took a written statement from the minor,without  giving or,

providing a copy to the minor or her parents, or even to her present attorney, notwithstanding,

upon information and belief, that the defendant school superintendent and others were given

copies of the same.

42.      DeBurgo has recently been found guilty of the rape and the sexual molestation crime

against the Minor, by the Providence Superior Court; and he has been found to be a sexual

predator and he was sentenced to a 25-year prison term, with ten years to serve and 15 years

suspended, along with a no contact order.

43.      It is also known or should have been known by the defendants, jointly and severally,

that it is a common, unchecked, and untoward and ongoing practice by male students to subject

female students to lascivious, sexual, requests, and salacious remarks, creating a hostile atmosphere to female students, including the minor plaintiff

44.     As a direct and proximate result, minor plaintiff has been sexually and physically compromised, suffered emotional distress, post-rape traumatic syndrome, post traumatic syndrome, has needed medical care and attention, needed to be transferred to a school system outside of the Pawtucket School System and remains in such need for her further protection and to protect her right to and adequate and safe education from this rape and other sexual touching, together with the failure to provide her with a safe and secure education and educational facility. And that these events will continue to plague and follow her into the future and she has been otherwise injured.

COUNT NO. ONE:  VIOLATION OF TITLE IX, 20 U. S.C. § 20 1681, et seq.

45.     Paragraphs 1 through 44 are incorporated and made a full part hereof.

46.     The foregoing sexual harassment and molestations was so severe, pervasive and objectively offensive that it deprived Minor plaintiff of access to educational opportunities provided by the school.

47.     Defendant School District created and/or subjected minor plaintiff to a hostile educational environment in violation of said Title IX, because she:

    a)  was a member of a protected class;
    b)  was subjected to sexual harassment in the form of sexual molestation and sexual assaults by other students;
    c)  was subjected to sexual harassment based on her sex; and
    d)  was subjected to a hostile environmental environment created by the School District and its official actual knowledge of the sexual assault(s) and subsequent harassment created by its failure to investigate and discipline in a timely manner consistent with its own policy and federal and state law.

48.     Defendant School District's and individual defendant's failure to promptly and appropriately respond to the sexual harassments and assaults, resulting in the plaintiff, on the

basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of said Title IX.

49.     Defendant School District and individual defendants failed to take immediate and effective remedial steps, notwithstanding their power, authority, obligation and duty to resolve and rectify the sexual harassment and sexual assaults of plaintiff, but instead acted with deliberate indifference and intentional willful blindness toward plaintiff.

50.     This policy and/or practice and/or failure to act constituted disparate treatment of female students, especially the minor plaintiff.

51.     Because of minor plaintiff's disability and disability from the rape and fear of further harm and damage to her and to her right to a safe and secure education, plaintiff, through counsel has requested, requests and continues to request reasonable accommodation to prevent further harm, injury and interference with minor plaintiff's right to a safe and secure and educationally sound school to an outside of the district public school and/or to a private school, especially where the City and defendants had been unable to accomplish such a transfer to an outside public school system, prior to said Court order.

52.     Defendants have jointly and severally disregarded and/or remained deliberately indifferent to any reasonable accommodation.

53.     Plaintiff has suffered emotional distress and psychological damage, post traumatic syndrome and other injuries as a direct and proximate result of defendant School District's deliberate indifference to her rights under Title IX.

WHEREFORE, plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severalty and against the defendants sued individually, as well, as follows:

A.   Compensatory damages for plaintiff's suffered emotional distress and psychological

damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries,

in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees

F.   Continuation of transfer to an outside Private School and/or damages for the failure to

 make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

COUNT NO. TWO:   Violation of Title VII

54.     Paragraphs 1 through 54 are incorporated and made a full part hereof.

55.     Said acts and events constitute violation of Title VII.

WHEREFORE, plaintiff through her mother and next of friend, demands judgment

against the defendants, jointly and severalty and against the defendants sued individually, as

well, as follows:

A.   Compensatory damages for plaintiff's suffered emotional distress and psychological

damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries,

in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs

E.   Reasonable Attorney fees

F.   Continuation of Transfer/placement to an outside Private School and/or damages for the

failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

 COUNT NO. THREE:   Violation of SECTION 504 REHABILITATION ACT

56.     Paragraphs 1 through 55 are incorporated and made a full part hereof.

WHEREFORE, plaintiff through her mother and next of friend, demands judgment

against the defendants, jointly and severalty and against the defendants sued individually, as

well, as follows:

A.   Compensatory damages for plaintiff's suffered emotional distress and psychological

damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries,

in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees.

F.   Continuation of transfer/placement to an outside Private School and/or damages for the

failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

COUNT NO. FOUR:  1983 VIOLATION 42 U. S. C. § 1983

57.     Paragraphs 1 through 56 are incorporated and made a full part hereof.

58.     Under the Fourteenth Amendment, plaintiff has the right as a public school student

to personal security and bodily integrity and Equal Protection of the Laws.

59.     Individual school superintendent, individual school principal, and presently unknown individual defendants, and defendant City of Pawtucket, all of whom are sued in their official and individual capacities, and school committee defendants were all state actors acting under color of state law and pursuant to established custom and/or policy.

60.     All defendants, acting under color of law, each subjected plaintiff to violation of her right to personal security and bodily integrity and Equal Protection of the laws by: failing to investigate; failing to properly discipline; failing to keep said premises safe and secure; failure to adequately train and supervise school defendants and personnel; and/or manifesting deliberate indifference and/or intentional willful blind to the foregoing sexual assaults and sexual harassment.

61.     The City of Pawtucket, its School District, said School Committee, defendants superintendent and principal and presently unknown defendants has and/or had an unconstitutional customs or practices or policies of (a) failure to investigate evidence of criminal and tortious misconduct against School District students in the nature of violations of their right of personal security and bodily integrity and (b) ailing to adequately train and supervise School District Employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity and Equal Protection of the Laws.

62.     Upon information and belief, the School District, Pawtucket School Superintendent and said School Principal and presently unknown Richard and/or Rita Roe defendants, individually and officially followed these unconstitutional customs and policies not only in regard to plaintiff but also with regard to criminal and tortious misconduct committed against other School District students.

61.     The said policies and/or practices and/or policies and/or practices instituted

and/or allowed to be omitted by the defendant School Superintendent and defendant PLA

School Principal constitute disparate treatment on female students and, more particularly to the

minor plaintiff.

62.     Defendants City of Pawtucket, School Superintendent, PLA School Principal and

School Committee members are and/or were at the time (s) of event(s) complained of policy

makers for the purpose of implementing the School District's and/or PLA's unconstitutional

policies or customs.

63.     Minor plaintiff has suffered emotional distress and psychological damage, post traumatic

syndrome and other injuries as a direct and proximate result of defendant School District's

deliberate indifference to her rights under the Fourteenth Amendment.

WHEREFORE, plaintiff through her mother and next of friend, demands judgment

against the defendants, jointly and severalty and against the defendants sued individually, as

well, as follows:

A.   Compensatory damages for plaintiff's suffered emotional distress and psychological

damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries,

in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees.

F.   Continuation of transfer/placement to an outside Private School and/or damages for the

failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

COUNT NO. FIVE:   FAILURE TO TRAIN AND SUPERVISE AND/OR MUNICIPAL

INACTION (42 U. S. C. § 1983)

64.      Paragraphs 1 through 63 are incorporated and made a full part hereof.

65.      Defendants School Superintendent and PLA School Principal were state actors

working for the Pawtucket School System, a federally funded s school system.

66.      Said defendants were acting under color of law in failing to respond to said

sexual assaults on school premises.

67.      Defendants School Superintendent and PLA School Principal failed to preserve

plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment.

68.      Under the Equal Protection of the Fourteenth Amendment, plaintiff has a right

to equal protection to equal access to an educational environment free from harassment

and discrimination as guaranteed by the Fourteenth Amendment.

69,      Defendants School Superintendent and PLA School Principal should have known

their responses to the aforesaid sexual assaults allegations must comply with Title IX's

promulgated implementing regulations

70.      Defendant Pawtucket School System violated plaintiff's Fourteenth Amendment

rights by failing to properly supervise and train its employees in mandated investigative

requirements and to provide a safe and secure environment and/or by municipal inaction.

71.      Plaintiff has suffered emotional distress and psychological damage, post traumatic

syndrome and other injuries as a direct and proximate result of defendant School District's

deliberate indifference to her rights under the Fourteenth Amendment.

WHEREFORE, plaintiff through her mother and next of friend, demands judgment

against the defendants, jointly and severalty and against the defendants sued individually, as well, as follows:

A.   Compensatory damages for plaintiff's suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries, in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees.

F.   Continuation of transfer/placement to an outside Private School and/or damages for the failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

COUNT NO. SIX:   RETALIATION

72.      Paragraphs 1 through 71 are incorporated and made a full part hereof.

73.      Defendant School Superintendent and/or defendant School Principal and/or defendant School Committee and others acting by and/or through their attorney retaliated against the minor plaintiff and remaining plaintiff for seeking to bring this action and in bringing this action, as follows:

a)       By dragging out the issue of school placement;

b)       By agreeing on the one hand to look into the issue of placement, while on the other hand having no intention to agree to placement;

c)       By failing to take reasonable steps to accommodate the minor plaintiff's need therefor.

d)       By seeking to delay the making of reasonable accommodation with the idea of insuring

that it would be too late for the plaintiff to obtain placement at a private school, basically a "running out the clock" type of acts.

e)      By giving the plaintiffs the false hope that defendants were serious as to private placement and agreeable to placement and in the interest of the minor plaintiff, when there was no such agreement--or illusory and acting n bad faith, with the objective and/or aim of making it difficult or almost impossible to obtain needed placement due to their recalcitrant and/or clock-stopping methods.

d)      Even after the minor plaintiff was finally able to obtain placement, defendants dragged their feet and/or failed to promptly and reasonably obtain the needed books and transportation for the minor plaintiff, with the intent, design, and/or result of not only making it extremely difficult for the minor to be able to keep-up with school work but, in effect, seeking or causing her to fall seriously behind in her required studies, which would also result in substantial savings to the defendants.

WHEREFORE, plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severalty and against the defendants sued individually, as well, as follows:

A.   Compensatory damages for plaintiffs in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs.

E.   Reasonable Attorney fees.

F.    Other relief as the circumstances may deem mete.

## IV:    PENDENT STATE CLAIMS (ALL DEFENDANTS)

COUNT NO. SEVEN:  FAILURE TO HAVE SAFE SCHOOL

74.    Paragraphs 1 through 73 are incorporated and made a full part hereof.

75.     R. I. G. L. § 16-2-17 mandates that defendants have duty to provide a "safe school" to minor plaintiff, and in addition to the common law duty to provide a safe school and protect minor plaintiff.

76.    Defendants, jointly and severally, are in breach of said duty and failure to provide a safe school to the minor plaintiff.

77.    As a direct and proximate result of said negligence and failure, minor plaintiff was raped and was sexually assaulted.

78.    As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

COUNT NO. EIGHT:   INTENTIONAL AND/OR WILLFUL INDIFFERENT FAILURE TO HAVE SAFE SCHOOL

79.  Paragraphs 1 through 78 are incorporated and made a full part hereof.

80.    Said defendants, jointly and severally, breach of said duty are tantamount to intentional and deliberate and willful indifference in failing to provide as safe school to the minor plaintiff.

81.    Said intentional, deliberate and/or willful indifference warrant the imposition of punitive and/or exemplary damages.

82.    Said intentional, deliberate and/or willful indifference warrant the imposition of

reasonable attorney fees.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, for punitive and/or exemplary damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

COUNT NO. NINE:  FAILURE TO PROTECT PLAINTIFF FROM THIRD PARTY ACTS

83.  Paragraphs 1 through 82 are incorporated and made a full part hereof.

84.   Defendants have a common law duty to protect minor plaintiff, as a student, from the tortious acts of third parties.

85     Defendants' breach of duty, at all times material, jointly and severally, are tantamount to intentional and deliberate and willful indifference in failing to provide as safe school to protect the minor plaintiff from said tortious and/or criminal acts of others.

86.     Said intentional, deliberate and/or willful indifference warrant the imposition of punitive and/or exemplary damages.

87.     As a direct and proximate result of said deliberate and/or willful indifference and failure, minor plaintiff was raped and was sexually assaulted by third parties aforesaid.

88.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, punitive and/or exemplary damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

COUNT NO. TEN:  VIOLATION OF GENERAL DUTIES

89.     Paragraphs 1 through 88 are incorporated and made a full part hereof.

90.     Defendants jointly and severally violated their general duties owed to the minor, as shown aforesaid.

92.     Defendants' breach of duty, at all times material, jointly and severally, are tantamount to intentional and deliberate and willful indifference in failing to comply with and/or comport to carry out their aforesaid general duties to the plaintiff and l to protect her from harm and/or injury and/or her right to education and educational opportunities and/or protect or safeguard the minor plaintiff from said tortious and/or criminal acts of others.

93.     Said failures and violations were intentional, deliberate and/or willful indifference warrant the imposition of punitive and/or exemplary damages.

94.     As a direct and proximate result of said deliberate and/or willful indifference and failure, minor plaintiff was raped and was sexually assaulted by third parties aforesaid.

95.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, punitive and/or exemplary damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

COUNT NO. ELEVEN:  VIOLATION OF STATE CIVIL RIGHTS ACT

96.      Paragraphs 1 through 95 are incorporated and made a full part hereof.

97.     Such acts and/or failure to act by the defendants, jointly and severally, violated plaintiffs' civil rights under R.I. G. L. 42-112-1 and 2.

98.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of

enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally,

reasonable attorney fees, interest and costs and such other relief as the circumstances deem mete.

COUNT NO. TWELVE:  VIOLATION OF EQUAL PROTECTION TO EQUAL ACCESS TO
AN EDUCATIONAL ENVIRONMENT FREE FROM HARASSMENT AND CONSTITUTE
DISCRIMINATION AS GUARANTEED BY THE RHODE ISLAND CONSTITUTION

99.     Paragraphs 1 through 98 are incorporated and made a full part hereof.

100.    Such acts and/or failure to act by the defendants, jointly and severally, violate minor

plaintiff rights to equal protection, due process, right to be free from discrimination, and right to

justice guaranteed to her under the Rhode Island Constitution, Article I, Sections 2 and 5.

101.    As a direct and further proximate cause thereof, minor plaintiff suffered emotional

distress and psychological damage, post traumatic syndrome, medical expenses, loss of

enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally,

reasonable attorney fees, state statutory interest and costs and such other relief as the

circumstances deem mete.

COUNT NO. THIRTEEN:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

102.    Paragraphs 1 through 101 are incorporated and made a full part hereof.

103.    Said negligent acts and/or failure to act constitute negligent infliction of emotional

 distress.

104.    As a direct and proximate result of said negligence, jointly and severally, by defendants,

such acts caused and/or inflicted emotional distress and other harm to the minor.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally,

reasonable attorney fees, state statutory interest and costs and such other relief as the

circumstances deem mete.

COUNT NO. FOURTEEN:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105.     Paragraphs 1 through 104 are incorporated and made a full part hereof.

106.     Said acts and/or failure to act by the defendants, jointly and severally were willful and/or intentional and constitute the intentional infliction of emotional distress.

107.     Said acts and/or failure to cat by the defendants, jointly and/or severally, were willful, wanton, wrongful, reckless, malicious and/or criminal acts and took place at defendant school, where said minor was a student and was still 13 years of age.  And further, such acts were shocking, severe, pervasive, objectionably offensive, and also had the direct effect of undermining and being detrimental to minor plaintiff's educational access, resources and opportunities and to her health, well being, causing emotional distress, and caused and will continue to cause further harm and caused and continue to cause her to seek and undergo medical treatment now and for the future and more probably than not are permanent.

108.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other continuing injuries.

109.     Said acts and/or failure to act warrant the imposition of punitive and/or exemplary damages.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.


PLAINTIFFS REQUEST JURY DEMAND

DATED: OCTOBER _____2017


/s/ *Edward John Mulligan*                           /s/ *George Patrick Hovarth*
_____        _____
*Edward John Mulligan* #0143                    *George Patrick Hovarth # #*5683
50 Park Row West, Suite 111                      75 Park Place
Providence, R.I. 02903                                Pawtucket, R.I. 02860Tel (401) 453-2950
Fax (401) 453-5545                                    401 275-9010
E-mail: ejmull@ cox.net                             E-mail: ghovarthesq.@verizon.net
edwardjohnmulligan@gmail.com              hovarth law.@verizon.net

Attorneys for Plaintiffs




CERTIFICATION OF SERVICE


I hereby certify that on this 13th day of OCTOBER, 2017, I personally caused a copy of the foregoing to be filed with this Court's CM/ECF system, which will send an e-mail to all counsel of record.

/s/ *George Patrick Hovarth*
_____

26