*George Patrick Hovarth.* RIB #5683
Hovarth & Hovarth
75 Park Place
Pawtucket, R.I. 02860
(401) 723-9010
email:ghovarthesq@verizon.net
and
*Edward John Mulligan,* RIB #0143
50 Park Row West, Suite 111
Providence, R.I. 02903
(401) 453-3950
e-mail: ejmull@cox.net
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JANE Doe parent and next of friend of MARY DOE, a minor in and for her own behalf and in their own right,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF PAWTUCKET, RHODE ISLAND PATTI DiCENSO, SUPERINTENDENT OF PAWTUCKET SCHOOL DEPARTMENT, In her official and individual capacity; PAWTUCKET SCHOOL COMMITTEE and Pawtucket School Committee Members: Gerald Charbonneau, Chairman, Michael Araujo, Joanne Bonollo, Erin Dube, John J. Crowley, Joseph Knight, and Elena Vasquez, in their official capacity; Linda Gifford, School Principal of PAWTUCKET LEARNING ACADEMY, in her official and individual capacity; Shaun W. Strobel, Pawtucket City Treasurer; and unknown Richard and Rita Roes,<br><br>       Defendants | No.1: 17-cv-365-JJM-LDA<br><br><br><br><br><br>2nd AMENDED COMPLAINT AND JURY DEMAND |

**SECOND AMENDED COMPLAINT AND JURY DEMAND
ON BEHALF OF MARY DOE A MINOR ETC.**

**[ FILED WITH CONSENT OF DEFENDANTS]**

**INTRODUCTION**

After this matter was filed with this Court, the defense counsel requested a hearing in connection with educational placement of the minor plaintiff. A hearing was held and an ongoing ORDER was entered to the effect that the minor plaintiff was to be placed in St. Andrews for the school year, based on the medical reports and the need for the same. Minor plaintiff's need for educational private placement has not changed and she continues to remain enrolled and for the foreseeable future, still remains in the same need for private placement at St. Andrews.

At the time of the hearing and ongoing ORDER, all of the defendants had representation, although no formal entry of appearance was filed.

Those counsel have formally entered their appearance and an additional counsel has since entered her appearance for the School Superintendent.

[Plaintiffs have served all defense counsel with a Rule 26 Initial Disclosure.]

**THE PRESENT AMENDED COMPLAINT ALLEGATIONS**

THIS CAUSE OF ACTION arises from the defendants' deliberate indifferent response to a student-upon-student sexual assault and rape on school premises, teacher assault, sex-based harassment and hostile environment, discrimination, violation of civil rights, retaliation and state causes of action.

This action alleges violations of Title IX: failure to promulgate a Title IX policy in conformity with Title IX; violations of Title VI and Section 504 of the Rehabilitation Act of 1973; Denial of equal protection of minor plaintiff's civil rights under 42 U. S. C. §1983; Retaliation; and for

various state actions, such as: violation of R. I. G. L. § 16-2-17; violation of minor plaintiff's right to a safe school, and violations of the sections under Title 16-2; as well as violation of the Pawtucket School Committee's core policy for protection from child abuse; neglect prevention; Violation of prompt detection when a child is abused; Deliberate indifference; Common law negligence, and Intentional claims. All as hereinafter shown in this Complaint. Plaintiffs, through counsel, hereby file the following complaint against the defendants captioned above, viz:

## I. JURISDICTION AND VENUE

1. This Court has subject matter over this cause pursuant to 28 U.S. C. § 1343 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States.

2. This Court has subject matter over this cause pursuant to 28 U. S. C. § 1343 which gives district courts jurisdiction over (a) a civil action authorized by law to be brought by any person to redress the deprivation under color of law of any State Law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of all citizens within the jurisdiction of the United States; and (b) any civil action to recover damages or secure relief under any Act of Congress providing for the protection of civil rights.

3. Plaintiff brings this action for and in behalf of her minor daughter to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S. C. § 1681 (a), Title VI and Section 504 of the Rehabilitation Act of 1973; as more fully hereinafter set forth.

4. This is also an action to redress deprivation of plaintiffs' constitutional rights under the United States Constitution pursuant to 42 U. S. C. 1983

5. This is also an action for violations of plaintiffs' rights and injuries under state law, as more fully hereinafter set forth.

6. Venue is proper before this court under 28 U. S. C. § 1391 (b), all of the defendants reside or resided in this district and/or events giving rise to the claims occurred in this district.

## II. THE PARTIES

7. Plaintiffs are all residents of Providence County and are citizens of Rhode Island. The minor plaintiff is and/or has been regarded and/or treated by the defendants as a child with a disability under Rhode Island Regulations for Identification of Children with Disabilities § 300.8

8. Defendant Patti DiCenso is the Superintendent for the Pawtucket School Department and is a resident of Rhode Island, who is sued in her official and in her individual capacity.[1] As such superintendent, she is a policy maker and state actor and one of her duties is to prevent child abuse and neglect and to provide and maintain a safe school, free from any hostile environment.

9. Defendant Linda Gifford is the principal of the Pawtucket Learning Academy ("PLA"), part of the Pawtucket School District, located on 286 Main Street in the City of Pawtucket. Similar to defendant superintendent, she likewise is sued in her official and in her individual capacity. As such principal, she is a policy maker and state actor and one of her duties is to prevent child abuse and neglect and to provide and maintain a safe school, free from any hostile environment.

---

[1] Defendants School Superintendent and School Principal are not being sued in the hereinafter Title IX claim in their individual capacity--otherwise they are sued in both capacities in the other counts.

10. Defendant City of Pawtucket is a Rhode Island municipality and it is the recipient of federal educational funding for PLA, one of its district schools and all of its school districts.

11. Defendant Shaun W. Strobel is the City Treasurer for the Defendant City of Pawtucket and is being sued, as such, in his official capacity

12. Defendants Gerald Charbonneau, Chairman, Michael Araujo, Joanne Bonollo, Erin Dube, John J. Crowley, Joseph Knight, and Elena Vasquez are residents of Rhode Island and comprise the members of the Pawtucket School Committee and each are being sued, as such, in their official capacity.

13. At the time of the filing of this Complaint there remain unknown Richard Roe and Rita Roe defendants, and plaintiffs reserve the right, with leave of court, to amend this Complaint, upon reasonable discovery of said presently unknown putative defendants.

14. Minor plaintiff is a disabled person or is treated and/or is known as a disabled person, under federal and/or state law, and she has life expectancy of another 66.69 years, under the present Federal Social Security Actuarial Life Tables.

### III. GENERAL DUTIES

15. The general duties of the defendants relative to the education of its school students, especially the minor plaintiff, are and were imposed by federal and state law, by written polices, and procedures applicable to defendants, but not limited. It includes the following:

"Duty to use reasonable care to protect students from known or foreseeable dangers;

Duty to enact policies that are not in contravention of the Federal Civil Rights Act, 42 U.S.C. section 1983, and the 14th Amendment to the United States Constitution;

Duty to enact policies that are not in contravention of Article 1, sections 2, 5, 23, 24 and Article XII, of Education, Section 1 of the Rhode Island Constitution;

Duty to protect students and provide adequate supervision;

Duty to properly train and continually train teachers, school faculty, youth counselors, mentors, administrators and staff so that they are aware of their individual responsibility for creating and maintaining a safe environment;

Duty to supervise faculty and students and enforce rules, policies, and regulations prescribed for schools, especially PLA, exercise reasonable control over students as is reasonably necessary to maintain order, protect property, protect the health and safety of students and/or maintain proper and appropriate conditions conducive to learning;

Duty to exercise careful supervision and the moral conditions of the school;

Duty to properly monitor and supervise students, prevent or control harmful situations and/or calls for help when a situation is beyond their control;

Duty to ensure that personnel are actually on hand and supervising students;

Duty to provide sufficient and adequate supervision to students;

Duty to supervise diligently;

Duty to act promptly and diligently and not ignore or minimize problems;

Duty to refrain from violating minor plaintiff's right to protection from restraint or harm, from personal insult and from injury to her personal relations;

Duty to report suspected student abuse;

Duty to prevent discrimination or sexual harassment and/or sexual assault from occurring in public educational facilities;

Duty to promptly investigate and report all actions of sexual abuse against students.

General State General Powers and Duties of School Committees are set forth in R.I. §16-2-9, and are made a part hereof.

In addition, by separate state statute R.I. §16-2-17 the defendants have a duty to protect the rights of the minor, as well as public school students to a "safe school," which, *inter alia,* is safe and secure, conducive to learning, free from threat, and actual or implied of physical harm by a disruptive student.

Moreover, the defendant school committee, has further set forth its duties under its core belief and commitment of the Pawtucket School Committee, adopted: June 13, 1988, that the Pawtucket School Committee believes, as follows:
* * *
A strong and equitable public education system is central to our democracy and a

healthy economy.

* * *

. . .Schools have an enormous impact on children's lives . . .and have a profound impact on every child's life.

. . . We will have a qualified teacher in every classroom and a qualified principal in every school who is an instructional leader.

We believe all children should be taught in a safe, orderly and secure learning environment.

We will ensure learning and work environments are safe and secure so that each student and staff member will achieve high levels of performance."

### IV:     FACTS

16.     This matter involves several sexual assault and molestation, discriminatory, and/or harassment acts and retaliation perpetrated against the minor plaintiff, Mary Doe (hereinafter "minor" and/or "plaintiff"), who at the time of these willful, wanton, wrongful, reckless, malicious and/or criminal acts took place at defendant school, where said minor was a student and was only 13 years of age.  And further, such acts were severe, pervasive, objectionably offensive, and also had the direct effect of undermining and being detrimental to minor plaintiff's educational access, resources, benefits, and opportunities and to her health, well being and caused and will continue to cause further harm.

17.     One or more of the sexual assaults and molestations took place, in a hostile environment, during school hours.

18.     Recently, this past April 7, 2017 another incident involved an allegation, as to a member of the school faculty, which, upon information and belief, concerned a member of the faculty, who, during regular school hours, had on that occasion come up to her and smacked her in the buttock and reported to the school.  But that incident, despite being known by the defendants, defendants took no action, and, it remains unreported and has been kept quiet and, therefore have

covered it up.

19.     On or about April of 2016, a male co-student got behind minor, in the school, during gym and inappropriately attempted to thrust his genital area into her clothed buttocks, thereby sexually assaulting her and discriminating against her on the basis of sex.

20.     A gym teacher witnessed the sexual assault and sent the perpetrator to the defendant principal's office, whereupon information and belief, he was later arrested.  Defendants school superintendent and school principal had or should have had knowledge of this sexual assault, as well as other sexual assaults referenced herein.  However, neither the defendant school superintendent, the defendant school principal nor any person affiliated with the defendant school, who had knowledge or should have had knowledge--but for a willful blind- eye and intentional disregard of the same--willfully failed to notify the minor's parents or the minor herself of any investigation in this regard or any punishments or orders imposed that directly relate to the minor victim.

21.     At that time and well beforehand, the defendant school principal and other teachers and school personnel, as well as the defendant superintendent and other teachers and/or school personnel, having the authority, power and duty to remediate the same, knew or should have known that the Minor was and had been subjected to sexual assaults and sexual discrimination, but each armed and/or should have been armed with such knowledge, in violation of said General Duties, stood indifferent and/or with a willful blind eye and reckless disregard  to her plight, danger, and situation failed to do protect her and/or provide her with a required safe school and environment.

22.     During school hours and divers occasions, a co-student would grab her buttocks, harass her, threaten her, sexually discriminate against her, and make sexual remarks and suggestions to

her, while the defendants school superintendent and school principal and other teachers, with power, authority and duty to take steps and actions to rectify and prevent such acts, assaults and discrimination stood by, despite having knowledge or ought to have had knowledge thereof, and remained deliberately indifferent and/remained willfully blind to such acts.

23.    Sometime in May of 2016, a 17-year-old student, touched minor plaintiff's buttocks and vaginal area over and under her clothing, near the bathroom area of the school, which the defendant school knew or should have been aware of --but deliberately stood indifferent and took no steps to prevent. the same or to protect minor plaintiff from such action, or to inform her and/or her parents, in connection with such incident (s) and/or to have a duly qualified and trained Title IX coordinator fully supported by the defendants superintendent and principal, in order to carry out the required duties of a duly qualified and trained Title IX coordinator, in order to order to have a safe and secure school and eliminate a hostile environment, as well as to carry out a proper Title IX investigation.

24.    Indeed, a number of the male co-students touched her "all of the time" discriminating against her, while the defendants school superintendent and school principal and other teachers, all with authority and duty to take steps and actions to rectify and prevent such acts, assaults and discrimination stood by, despite having knowledge or ought to have had knowledge thereof, and remained deliberately indifferent and/remained willfully blind to such acts, knowing or should have known of these sexual assaults and did little or nothing to prevent the same or to discourage the male-co-students continuing misconduct and discrimination and/or to take remedial and investigatory action and/or report the same, in accordance with their duties.

25.    On or about June 7, 2016, approximately one month after the known sexual assault referenced in ¶ 23, the most serious sexual assault and battery, -the rape of the Minor, was

committed on her when she was 13 years of age. The rape was perpetrated by one Ivanger (a/k/a Ivander) DeBurgo ("DeBurgo"), who was an adult co-student and the perpetrator and who should not have been in the school at that time, which was well-known to the teacher on duty, a Mr. Anderson, other school personnel and the school secretary, especially since they knew that the minor plaintiff 's father was coming to pick her up after school, around 3:30 p.m. and that she was in need of protection and a safe and secure school environment.

26.     Moreover, DeBurgo was well-known to the defendant school, the defendant school superintendent, the defendant school principal and school teachers and other school personnel to be a violent person, who earlier had disrupted Pawtucket school classes and attacked a school security official and who was sexually and inappropriately active toward female students and was not allowed to be on he premises after regular school hours, per orders and/or directives of the defendants superintendent and principal.    In short, he was known by defendants and other teachers to be a danger to the safety of minor plaintiff and other minor students.  Despite this knowledge or being willfully blind to such knowledge, the defendant school superintendent and school principal took no affirmative action to provide a safe and secure school.

27.     In short, DeBurgo was a danger to the minor plaintiff and other minor students, who would legitimately be on said school premises after regular school hours and said defendants and teachers on duty, with the power and authority and duties to take corrective actions to protect all minor students then legitimately on the premises, with deliberate indifference did little or nothing to protect them from DeBurgo or the likes of DeBurgo, or to have earlier have taken necessary steps to have DeBurgo removed for the school, until such time as it could be shown, if at all, that DeBurgo was no longer a danger and threat and predator to the safety of female students.

28.     Indeed, DeBurgo had raped another minor female student, then approximately 13 years

of age, on the school premises, and during school hours. This incident was known to other students and was known or should have been known by school personnel, who had the duty and power and authority to take corrective actions to protect the safety of the minor plaintiff and other minor students--but, defendants and other presently unknown members of the defendant school and school department, with such power and authority, took no required corrective action to protect students from the rapist DeBurgo and to have him removed from the school and referred the matter to the police. Notwithstanding the fact that defendants knew or by turning a willful blind eye and/or with deliberate indifference should have known that DeBurgo was a "ticking time bomb," to the safety and security of the minor plaintiff and other minor females.

29.     DeBurgo had first left the school premises when school had let out that afternoon, while he was improperly reentering the school, he was seen doing so and advised to leave by the school principal and/or the school resource officer, both of whom had the power, authority and duty to immediately remove him from the school premises, but failed to do so.

30.   Sometime shortly before 3:30 p. m. the subject rape by the perpetrator DeBurgo took place at the defendant school, after school had let out while DeBurgo had no right to be on the school premises, and after having been told to leave the premises.

31.     After school had let out, the premises should have been locked down and/or secured from entry by unauthorized persons, especially by DeBurgo.

32.     Indeed, the defendant school and defendants at all times material, failed to have in place and operation a security system and trained personnel, to prevent entry by unauthorized persons such as DeBurgo and others, after school hours.

33.     When DeBurgo gained unlawful entry, the school officials on duty knew or should have known that DeBurgo had wrongfully re-entered the school premises. Such school officials knew

or should have known that he was a danger and had no right to be on the premises, after the school had closed. Consequently, they were obligated and required to take all reasonable steps and actions to remove him and prevent him from remaining on the school premises.

34.     At that time, the school and the school principal intentionally, deliberately, indifferently, and/or knowingly allowed DeBurgo to gain access into the school. And the school teacher on duty and/or person assigned to be on duty and/or in charge failed to supervise the premises and protect the minor plaintiff, knowing or who should have known that DeBurgo had earlier raped another minor female student, who was then 13 years of age, and that DeBurgo was a sexual predator of minors--who should not have been allowed on the school premises or anywhere near the school or anywhere near any of the female students.

35.     After gaining re-entry, DeBurgo was not stopped, removed, or prevented from freely roaming about the premises, despite the minor plaintiff and other students being lawfully on the premises and who were entitled to a safe and secure premises, free from the likes of DeBurgo.

36.     At or about this time, the minor plaintiff had to use the lavatory and informed the teacher and/or school secretary on duty of the same and asked what time her dad was coming to pick her up, and after being told at "3:30," she left the room.

37.      Shortly, around this time, while the minor plaintiff was using the lavatory, DeBurgo, who was still unlawfully in the school, opened the lavatory door, forced the Minor on the sink, held her arm down, pulled some of her clothing down, and forced penile vaginal penetration.

38     At or about this time, the school secretary, went back to the math room to see how many students were there and did not see the minor plaintiff and, then, asked Mr. Anderson, where the minor plaintiff was.

39.     Mr. Anderson said that she had already left.  He also asked her if DeBurgo was still in the building.

40.     At this point, the school secretary decided to search the building for the plaintiff, where Mr. Anderson remained in the math room.

41.     The school secretary started with the lavatories off the math room, which should have been seen and/or observed by Mr. Anderson.

42.     The school secretary attempted to gain entrance and found not only that the door was locked, but that there was a "lot of scuffling going on" and she started "banging on the door."

43.     After DeBurgo had raped the minor plaintiff, and upon hearing the banging on the locked door, DeBurgo threatened the minor plaintiff, telling her to "hide herself" and threatening her with: "You better keep quiet, keep your mouth shut or you'll have to deal with the kids from Prospect."

44.     DeBurgo then shouted through the locked door, to "hold on, I was taking a sh**," as he opened the door.

45.     The school secretary would later state that "out of the corner of her eye, she saw something" and when "she looked," she saw the minor plaintiff "hiding under the sink with the trash basket in front of her."

46.     Despite her observations and having heard the scuffling in the lavatory no steps were taken by the school secretary or by Mr.Anderson, who was nearby, to investigate what had happened, to protect the minor plaintiff, to separate her from DeBurgo or to contact the police.

47.     However, the school secretary, merely walked DeBurgo and the minor plaintiff to the front door and allowed them to leave.   Later, that day, at 3:55 PM, she advised defendant Principal Gifford by e-mail of the event.  By information and belief, defendant Gifford contacted

Lee Rabbit, at 6:30 p.m., but the text of that message has been redacted from the minor plaintiff's school files.

48.     Upon information and belief, defendant school superintendent was also informed of the rape events, that afternoon.

49.     At that time, the school and the school  superintendent and principal intentionally, deliberately, indifferently,  failed to have in effect properly trained teachers and personnel to deal with the prevention of sexual assaults and harms by DeBurgo  and others like him being on the premises and/or to properly investigate and report such rapes and sexual assaults by and sexual discriminations and to immediately take the minor to a hospital in connection with her safety and rape and to take immediate steps to arrange for counseling and her protection.

50.     The following morning, the minor plaintiff, who had been placed under escort was crying uncontrollably, when Karen Dube, a school social worker informed her that "she had the right to put her concerns I writing."

51.     The minor plaintiff said she couldn't because "DeBurgo is 18 and if he gets locked up, there will be 10 girls from Prospect Heights looking for her" and she "doesn't want that."  And that one of DeBurgo's "go-betweens, who she named but who's name the defendants have redacted--despite the fact that person was aiding and abetting DeBurgo in threatening the minor and, in effect, extorting her told her "that she has to take all of the blame for this because he is 18 and not looking to get locked up."


52.     Despite having this knowledge, defendants have not undertaken any proper or required investigation, or reported this "go-between" and "aider and abettor" to the police or any proper authority, further continuing to violate the minor plaintiff's educational and constitutional rights.

53. The following day, the Pawtucket Police Department, in accordance with City and School policy, interviewed the minor plaintiff, without the consent of her parents and outside of their presence or that of an attorney, took a written statement from the minor plaintiff, without giving or providing a copy to the minor plaintiff or her parents, or even to her present attorney, notwithstanding, upon information and belief, that the defendant school superintendent and others were given copies of the same. After this rape, members of the school staff have been tracking the activity on the minor plaintiff's computer.

54. DeBurgo has been found guilty of the rape and the sexual molestation crime against the minor plaintiff, by the Providence Superior Court; and he has been found to be a sexual predator who was sentenced to a 25-year prison term, with ten years to serve and 15 years suspended, along with registration as a sex offender and a no contact order.

55. It is also known or should have been known by the defendants, jointly and severally, that it is a common, unchecked, and untoward and ongoing practice by male students at the PLA to subject female students to lascivious sexual requests and salacious remarks, creating a hostile atmosphere to female students, including the minor plaintiff.

56. As a direct and proximate result, minor plaintiff has been sexually and physically compromised, suffered emotional distress, post-rape traumatic syndrome, post traumatic syndrome, has needed medical care and attention, needed to be transferred to a school system outside of the Pawtucket School System and remains in such need for her further protection and to protect her right to and adequate and safe education from this rape and other sexual touching, together with the failure to provide her with a safe and secure education and educational facility.

And that these events will continue to plague and follow her into the future and she has been otherwise injured.

**COUNT NO. ONE:  VIOLATION OF TITLE IX, 20 U. S.C. § 20 1681, et seq.**

57.     Paragraphs 1 through 56 are incorporated and made a full part hereof. harassments and assaults, resulted in the minor plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the District's education program in violation of said Title IX.

58.     The foregoing sexual harassment and molestations and discrimination was so severe, pervasive and objectively offensive that it deprived minor plaintiff of access to educational opportunities provided by the school.

59.     Defendant School District created and/or subjected and continued to subject the minor plaintiff to a hostile educational environment in violation of said Title IX, because she:

> a)  was a member of a protected class;
> b)  was subjected to sexual harassment in the form of sexual molestation and sexual assaults by other students;
> c)  was subjected to sexual harassment based on her sex; and
> d)  was subjected to a hostile environment created by the School
> District and its official actual knowledge of the sexual assault(s) and subsequent harassment created by its failure to investigate and discipline in a timely manner consistent with its own policy and federal and state law.

60.     Defendant School District's failure to promptly and appropriately respond to the sexual harassments and assaults, resulted in the minor plaintiff, on the basis of her sex, in being excluded from participation in entitled educational benefits and in being subjected to discrimination in the defendant's education program in violation of said Title IX

61.     Defendant School District failed to take immediate and effective remedial steps, notwithstanding their power, authority, obligation and duty to resolve and rectify the sexual

harassment and sexual assaults of minor plaintiff, but instead acted with deliberate indifference and intentional willful blindness toward minor plaintiff.

62.    This policy and/or practice and/or failure to act constituted disparate treatment of female students, especially the minor plaintiff.

63.    Because of minor plaintiff's disability from the rape and fear of further harm and damage to her and to her right to a safe and secure education, plaintiff, through counsel has requested, requests and continues to request reasonable accommodation to prevent further harm, injury and interference with minor plaintiff's right to a safe and secure and educationally sound school to one outside of the district public school and/or to a private school, especially where the City and defendants had been unable to accomplish such a transfer to an outside public school system, prior to said Court order.

64.    Defendants have jointly and severally disregarded and/or remained deliberately indifferent to any reasonable accommodation.

65.    Minor plaintiff has suffered emotional distress and psychological damage, post traumatic syndrome and other injuries as a direct and proximate result of defendant School District's deliberate indifference to her rights under Title IX.

WHEREFORE, minor plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severally and against the defendants sued, for this count only in their official capacity as follows:

A.  Compensatory damages for minor plaintiff's emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries, in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees

F.    Continuation of transfer to an outside Private School and/or damages for the failure to
make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

**COUNT NO. TWO:   VIOLATION OF TITLE VI**

66.      Paragraphs 1 through 65 are incorporated and made a full part hereof.

67.      Said acts and events constitute violation of Title VI.

WHEREFORE, minor plaintiff through her mother and next of friend, demands judgment
against the defendants, jointly and severally and against the defendants sued individually, as
well, as follows:

A.   Compensatory damages for minor plaintiff's emotional distress and psychological
damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries,
in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs

E.   Reasonable Attorney fees

F.    Continuation of Transfer/placement to an outside Private School and/or damages for the
failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

**COUNT NO. THREE:   VIOLATION OF SECTION 504 REHABILITATION ACT**

68.     Paragraphs 1 through 67 are incorporated and made a full part hereof.

WHEREFORE, minor plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severalty and against the defendants sued individually, as well, as follows:

A.   Compensatory damages for minor plaintiff's emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries, in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees.

F.   Continuation of transfer/placement to an outside Private School and/or damages for the failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

**COUNT NO. FOUR:  1983 VIOLATION 42 U. S. C. § 1983**

69.     Paragraphs 1 through 68 are incorporated and made a full part hereof.

70.     Under the Fourteenth Amendment, plaintiff has the right as a public school student to personal security and bodily integrity and Equal Protection of the Laws.

71.     Defendants each and all deprived minor plaintiff of her substantive due process rights under the Fourteenth Amendment to due process by failing to protect her from physical, sexual, mental, and emotional abuse, aforesaid.

72.     Individual school superintendent, individual school principal, and presently unknown

individual defendants, and defendant City of Pawtucket, all of whom are sued in their official and individual capacities, and school committee defendants all of whom were state actors acting under color of state law and pursuant to established custom and/or policy.

73.     All defendants, acting under color of law, each subjected minor plaintiff to violation of her right to personal security and bodily integrity and Equal Protection of the laws by: failing to investigate; failing to properly discipline; failing to keep said premises safe and secure; failure to adequately train and supervise school defendants and personnel; and/or manifesting deliberate indifference and/or intentional willful blind eye to the foregoing sexual assaults and sexual harassment and sexual discriminations, were carried out in an impermissible manner and in violation of said duties and General Duties in impermissible manners, which were egregious, outrageous, or fraught with unreasonable risk and harmed the minor plaintiff, who was a member of a particular, limited, closed group, mainly females at said PLA.

74.     Such conduct and/or failure to act shocks the conscience.

75.     The City of Pawtucket, its School District, said School Committee, defendants superintendent and principal and presently unknown defendants have and/or had unconstitutional customs or practices or policies of (a) failure to investigate evidence of criminal and tortious misconduct against School District students in the nature of violations of their right of personal security and bodily integrity and (b) failing to adequately train and supervise School District Employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity and Equal Protection of the Laws.

76.     Upon information and belief, the School District, Pawtucket School Superintendent and said School Principal and presently unknown Richard and/or Rita Roe defendants, individually

and officially followed these unconstitutional customs and policies not only in regard to plaintiff but also with regard to criminal and tortious misconduct committed against other School District students.

77.     The said policies and/or practices instituted and/or allowed to be omitted by the defendant School Superintendent and defendant PLA School Principal constitute disparate treatment on female students and, more particularly to the minor plaintiff.

78.     Defendants City of Pawtucket, School Superintendent, PLA School Principal and School Committee members are and/or were at the time (s) of event(s) complained of policy makers for the purpose of implementing the School District's and/or PLA's unconstitutional policies or customs.

79.      Such conduct and failure was intentional, reckless, willful, and done with callous disregard for minor plaintiff's constitutional rights and with deliberate indifference.

80.     Minor plaintiff has suffered emotional distress and psychological damage, post traumatic syndrome and other injuries as a direct and proximate result of defendant School District's deliberate indifference to her rights under the Fourteenth Amendment.

WHEREFORE, minor plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severally and against the defendants sued individually, as well, as follows:

A.   Compensatory damages for minor plaintiff's emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries, in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.  Reasonable Attorney fees.

F.  Continuation of transfer/placement to an outside Private School and/or damages for the failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.  Other relief as the circumstances may deem mete.

## COUNT NO. FIVE:   FAILURE TO TRAIN AND SUPERVISE AND/OR MUNICIPAL INACTION (42 U. S. C. § 1983)

81.   Paragraphs 1 through 80 are incorporated and made a full part hereof.

82   Defendants School Superintendent and PLA School Principal were state actors working for the Pawtucket School System, a federally funded school system.

83.   Said defendants were acting under color of law in failing to respond to said sexual assaults on school premises.

84.   Defendants School Superintendent and PLA School Principal failed to preserve minor plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment.

85.   Under the Equal Protection of the Fourteenth Amendment, the minor plaintiff has a right to equal protection to equal access to an educational environment free from harassment and discrimination as guaranteed by the Fourteenth Amendment.

86.   Defendants School Superintendent and PLA School Principal should have known their responses to the aforesaid sexual assaults allegations must comply with Title IX's promulgated implementing regulations.

87.   Defendant Pawtucket School System violated plaintiff's Fourteenth Amendment rights by failing to properly supervise and train its employees in mandated investigative requirements and to provide a safe and secure environment and/or by municipal inaction.

88.     Minor plaintiff has suffered emotional distress and psychological damage, post traumatic syndrome and other injuries as a direct and proximate result of defendant School District's deliberate indifference to her rights under the Fourteenth Amendment.

WHEREFORE, minor plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severally and against the defendants sued individually, as well, as follows:

A.   Compensatory damages for the minor plaintiff who has suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries, in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs and interest.

E.   Reasonable Attorney fees.

F.    Continuation of transfer/placement to an outside Private School and/or damages for the failure to make and/or have made a reasonable accommodation and/or other equity relief.

G.   Other relief as the circumstances may deem mete.

## COUNT NO. SIX:   RETALIATION

89.     Paragraphs 1 through 88 are incorporated and made a full part hereof.

90.     Defendant School Superintendent and/or defendant School Principal and/or defendant School Committee and others acting by and/or through their attorney retaliated against the plaintiffs for seeking to bring this action and in bringing this action, as follows:

a)      By dragging out the issue of school placement;

b)      By agreeing on the one hand to look into the issue of placement, while on the other hand

having no intention to agree to placement;

c)      By failing to take reasonable steps to accommodate the minor plaintiff's need therefor.

d)      By seeking to delay the making of reasonable accommodation with the idea of insuring that it would be too late for the plaintiff to obtain placement at a private school, basically a "running out the clock" type of act.

e)      By giving the plaintiffs the false hope that defendants were serious as to private placement and agreeable to placement and in the interest of the minor plaintiff, when there was no such agreement--or illusory and acting in bad faith, with the objective and/or aim of making it difficult or almost impossible to obtain needed placement due to their recalcitrant and/or clock-stopping methods.

d)      Even after the minor plaintiff was finally able to obtain placement, defendants dragged their feet and/or failed to promptly and reasonably obtain the needed books and transportation for the minor plaintiff, with the intent, design, and/or result of not only making it extremely difficult for the minor plaintiff to be able to keep up with school work but, in effect, seeking or causing her to fall seriously behind in her required studies, which would also result in substantial savings to the defendants.

e)      And in further retaliation, in connection with the plaintiff's request for her transcript, have delayed for several months the turn-over of the same, and was recently produced were not all of the requested records, were presented in a jumbled mess and out of order, severely redacted and made unreadable--with the intent to prevent needed information for this law suit, in effect, hiding or distorting evidence.

WHEREFORE, minor plaintiff through her mother and next of friend, demands judgment against the defendants, jointly and severally and against the defendants sued individually, as

well, as follows:

A.   Compensatory damages for plaintiffs in the amount of Three Million Five Hundred Thousand Dollars.

B.  Exemplary and/or punitive damages.

C.  Statutory damages.

D.  Costs.

E.   Reasonable Attorney fees.

F.   Other relief as the circumstances may deem mete.

### IV:     PENDENT STATE CLAIMS (ALL DEFENDANTS)

**COUNT NO. SEVEN:  FAILURE TO HAVE SAFE SCHOOL**

91.     Paragraphs 1 through 90 are incorporated and made a full part hereof.

92.      R. I. G. L. § 16-2-17 mandates that defendants have duty to provide a "safe school" to minor plaintiff, and in addition to the common law duty to provide a safe school and protect minor plaintiff.

93.     Defendants, jointly and severally, are in breach of said duty and failure to provide a safe school to the minor plaintiff.

94.     As a direct and proximate result of said negligence and failure, minor plaintiff was raped and was sexually assaulted.

95.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, reasonable attorney fees, state statutory interest and costs and such other relief as the

circumstances deem mete.

**COUNT NO. EIGHT: INTENTIONAL AND/OR WILLFUL INDIFFERENT FAILURE TO HAVE SAFE SCHOOL**

96. Paragraphs 1 through 95 are incorporated and made a full part hereof.

97. Said defendants, jointly and severally, breach of said duty are tantamount to intentional and deliberate and willful indifference in failing to provide a safe school to the minor plaintiff.

98. Said intentional, deliberate and/or willful indifference warrant the imposition of punitive and/or exemplary damages.

99. Said intentional, deliberate and/or willful indifference warrant the imposition of reasonable attorney fees.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, for punitive and/or exemplary damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

**COUNT NO. NINE: FAILURE TO PROTECT PLAINTIFF FROM THIRD PARTY ACTS**

100. Paragraphs 1 through 99 are incorporated and made a full part hereof.

101. Defendants have a common law duty to protect minor plaintiff, as a student, from the tortious acts of third parties.

102. Defendants' breach of duty, at all times material, jointly and severally, are tantamount to intentional and deliberate and willful indifference in failing to provide a safe school to protect the minor plaintiff from said tortious and/or criminal acts of others.

103. Said intentional, deliberate and/or willful indifference warrant the imposition of punitive

and/or exemplary damages.

104.     As a direct and proximate result of said deliberate and/or willful indifference and failure, minor plaintiff was raped and was sexually assaulted by third parties aforesaid.

105.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, punitive and/or exemplary damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

## COUNT NO. TEN:  VIOLATION OF GENERAL DUTIES

106.     Paragraphs 1 through 105 are incorporated and made a full part hereof.

107.     Defendants jointly and severally violated their general duties owed to the minor plaintiff, as shown aforesaid.

108.     Defendants' breach of duty, at all times material, jointly and severally, are tantamount to intentional and deliberate and willful indifference in failing to comply with and/or comport to carry out their aforesaid general duties to the minor plaintiff and to protect her from harm and/or injury and/or her right to education and educational opportunities and/or protect or safeguard the minor plaintiff from said tortious and/or criminal acts of others.

109.     Said failures and violations were intentional, deliberate and/or willful indifference warrant the imposition of punitive and/or exemplary damages.

110.     As a direct and proximate result of said deliberate and/or willful indifference and failure, minor plaintiff was raped and was sexually assaulted by third parties aforesaid.

111.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional

distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, punitive and/or exemplary damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

**COUNT NO. ELEVEN:  VIOLATION OF STATE CIVIL RIGHTS ACT**

112.     Paragraphs 1 through 111 are incorporated and made a full part hereof.

113.     Such acts and/or failure to act by the defendants, jointly and severally, violated plaintiffs' civil rights under R.I. G. L. 42-112-1 and 2.

114.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, reasonable attorney fees, interest and costs and such other relief as the circumstances deem mete.

**COUNT NO. TWELVE:  VIOLATION OF EQUAL PROTECTION TO EQUAL ACCESS TO AN EDUCATIONAL ENVIRONMENT FREE FROM HARASSMENT AND CONSTITUTE DISCRIMINATION AS GUARANTEED BY THE RHODE ISLAND CONSTITUTION**

115.     Paragraphs 1 through 114 are incorporated and made a full part hereof.

116.     Such acts and/or failure to act by the defendants, jointly and severally, violate minor plaintiff's rights to equal protection, due process, right to be free from discrimination, and right to justice guaranteed to her under the Rhode Island Constitution, Article I, Sections 2 and 5.

117.     As a direct and further proximate cause thereof, minor plaintiff suffered emotional

distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other injuries.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

## COUNT NO. THIRTEEN:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

118.     Paragraphs 1 through 117 are incorporated and made a full part hereof.

119.     Said negligent acts and/or failure to act constitute negligent infliction of emotional distress.

120.     As a direct and proximate result of said negligence, jointly and severally, by defendants, such acts caused and/or inflicted emotional distress and other harm to the minor.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.

## COUNT NO. FOURTEEN:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121.     Paragraphs 1 through 120 are incorporated and made a full part hereof.

122.     Said acts and/or failure to act by the defendants, jointly and severally were willful and/or intentional and constitute the intentional infliction of emotional distress.

123.     Said acts and/or failure to act by the defendants, jointly and/or severally, were willful, wanton, wrongful, reckless, malicious and/or criminal acts and took place at defendant school, where said minor plaintiff was a student and was only 13 years of age.  And further, such acts were shocking, severe, pervasive, objectionably offensive, and also had the direct effect of undermining and being detrimental to minor plaintiff's educational access, resources and

opportunities and to her health, well being, causing emotional distress, and caused and will continue to cause further harm and caused and continue to cause her to seek and undergo medical treatment now and for the future and more probably than not are permanent.

124.    As a direct and further proximate cause thereof, minor plaintiff suffered emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment, interference with right to education, and other continuing injuries.

125.    Said acts and/or failure to act warrant the imposition of punitive and/or exemplary damages.

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees, state statutory interest and costs and such other relief as the circumstances deem mete.


**PLAINTIFFS REQUEST JURY DEMAND.**


DATED: November 3, 2017


/s/ *Edward John Mulligan*                          /s/ *George Patrick Hovarth*
_____          _____
*Edward John Mulligan* #0143                      *George Patrick Hovarth*  #5683
50 Park Row West, Suite 111                        75 Park Place
Providence, R.I. 02903                                   Pawtucket, R.I. 02860
Tel (401) 453-2950                                         Tel (401) 275-9010
Fax (401) 453-5545                                        Fax (401) 723-3130
E-mail: ejmull@ cox.net                               E-mail: ghovarthesq@verizon.net
edwardjohnmulligan@gmail.com                 hovarthlaw@verizon.net

Attorneys for Plaintiffs

CERTIFICATION OF SERVICE

I hereby certify that on this 3rd day of November, 2017, I personally caused a copy of the foregoing to be filed with this Court's CM/ECF system, which will send an e-mail to all counsel of record.


/s/ *George Patrick Hovarth*
_____