George Patrick Hovarth. RIB #5683
Hovarth & Hovarth
75 Park Place
Pawtucket, R.I. 02860
(401) 723-9010 E-mail: ghovarthesq@verizon.net and
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE Doe, et alii | CA. 17-00365-JJM-LDA |
|         Plaintiffs, | |
| v. | |
| CITY OF PAWTUCKET, et alii, | |
|         Defendants | |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DATED AUGUST 8, 2022

NOW COMES the Plaintiffs who, by and through their attorney, file this Memorandum

in Opposition to the Defendants' Motion for Summary Judgment, filed on August 8, 2022, and

shows the court:

### I.   INTRODUCTION

THIS CAUSE OF ACTION arises from the Defendants' deliberate indifference in response to

student-upon-student sexual molestations and teacher-upon-student sexual molestation, all of
which took

place upon school premises at the Pawtucket Learning Academy (the "PLA"), an institution owned by the Pawtucket School Department and located on Main Street in the City of Pawtucket, Rhode Island, wherein the Pawtucket School Department operated and oversaw within this school over which it had responsibility and control, a hostile environment, and an unsafe environment.

This action alleges, *inter alia,* federal violations of Title IX; failure to promulgate a Title IX policy in conformity with Title IX; which resulted in irremediable harm to the minor Plaintiff. Furthermore, these violations were also violative of the  Pawtucket School Committee's core policy for protection from child abuse, neglect prevention, and prompt detection when a child is abused.

## II. JURISDICTION AND VENUE

1.      This Court has subject matter over this cause pursuant to 28 U.S.C. §1343, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States.

2.      This Court has subject matter over this cause pursuant to 28 U.S.C. §1343, which gives district courts jurisdiction over (a) a civil action authorized by law to be brought by any person to redress the deprivation under color of law of any State Law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of all citizens within the jurisdiction of the United States; and (b) any civil action to recover damages or secure relief under any Act of Congress providing for the protection of civil rights.

3.    Minor Plaintiff's mother originally brought this action for and in behalf of her minor daughter (**who has now reached the age of majority**) to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a), as more fully hereinafter set forth in the Complaint.

Under 28 U.S.C. §1391(b), venue is proper before this Court where all of the Defendants reside and/or resided in this district and/or the events giving rise to the claims occurred in this district.

## III.    FACTS

This matter involves multiple acts of sexual molestation perpetrated upon the then Minor Plaintiff, and a student at the Defendant's Pawtucket Learning Academy (PLA), beginning just weeks after she enrolled in the PLA, when she was 13 years of age.  These incidents, all of which occurred within the school property or during school based and supervised programs off-site and included several assaults of varying degrees, perpetrated by minor students, one such assault, a first-degree sexual molestation within the school by an adult student, who was known to have sexually assaulted other minor student(s) and who was in the school after dismissal although he was prohibited from being in the school after, and finally, one was an act of sexual molestation committed against the Minor Plaintiff by a PLA faculty member, David Morton, who other teachers had witnessed and/or heard of him inappropriately touching multiple minor female students prior to his assault of the Minor Plaintiff.

Since the time of this final assault, the Minor Plaintiff completed the then in progress school year being instructed at a local Burger King by a member of the PLA staff.  The following year, upon Order of this Honorable Court, she was enrolled at St. Andrew's School

where she completed her High School education, graduating in 2021. Despite the difficulties of the COVID-19 Pandemic, she has begun to work toward a degree in Paralegal Studies.

As a result of these tortious actions of the various Defendants, and/or their Employees and/or Agents acting in their capacities, the Minor Plaintiff was and continues to be severely damaged and has moved this Honorable Court for recompense.

### IV. ARGUMENT

#### A. Standard of Review

The Defendants have filed with this Honorable Court their Motion for Summary Judgment, alleging that, the dicta in the recent Supreme Court decision in *Cummings v. Premier Rehab Keller, P.L,L.C,*, 142 S.Ct. 1562 requires that this action fail. We aver that this is not so. A portion of the majority opinion of the *Cummings*, which did not address the matter at hand in that case, but rather, was a case involving the Affordable Care Act, speculated that because the statute controlling the Title IX cases was also based upon a contractual relationship, it was likely that no exemplary damages could be awarded.

In the instant matter there, are still numerous considerable damages besides emotional distress which have been pled, in specificity. Even if it would at some time be determined that a party injured by violation(s) of Title IX is also not entitled to exemplary damages, this is only a portion of the damages claimed by the Plaintiff, nowhere near the entirety of the damages.

Even the Defendants, in their brief, acknowledge that for a Defendant to prevail in its motion for Summary Judgment under Rule 56(c), it must prove that the Plaintiff has not established the essential elements to the non-moving party's case. The Defendants have not done so.

## B. Incomplete Discovery

The information provided by both parties in the pleadings, the discovery requests and responses, deposition testimony, affidavits, expert reports, is incomplete, in large part because the Defendants' limited willingness or ability to provide their clients and/or witnesses to give testimony, Nevertheless, the information obtained to date indicates that the Plaintiff has sustained and continues to sustain significant damages as a result of the Title IX violations on the part of the City of Pawtucket and the Pawtucket School Department.

Unlike the Defendants' earlier attempts to dispose of this case by pre-answer Motions, we are now at a stage in this litigation where it is unacceptable for them to hide behind dilatory tactics, repeatedly refusing to provide discovery. They now must comply with discovery requests, produce witnesses, and provide access to the situs where the sexual molestation of the Minor Plaintiff occurred. This matter is not ripe for Summary Judgment until such discovery has been completed.

Despite their repeated efforts to delay, reschedule, and confound the discovery process, the Defendants **are unable to show that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law**. Plaintiffs' counsel has repeatedly had scheduled discovery postponed, cancelled, rescheduled or otherwise delayed by Defendants' counsel who, although being at least five in number, seem unable to appear with employees or former employees of the PLA, even when these individuals have been served with subpoenas.

## C. *Cummings* and its Progeny

This Motion for Summary Judgment was filed in response to the Supreme Court's Decision

in the *Cummings* case, published less than four months ago. This was not a decision that was on-point with the matter presently before the Court. Its application is speculative at best. Cummings concerned a Plaintiff who apparently suffered no physical injury and/or compensable harm from the incident that was the subject of her complaint. According to the decision, she sought only exemplary damages. That is not so with the matter presently before this Court.

Our Minor Plaintiff suffered multiple sexual molestations, most egregiously a first degree sexual molestation (rape) by an adult student at the PLA who was five years her senior. She suffered physical and mental injuries that required hospital treatment, medication, and psychological therapy that continues to date. These injuries are not characterized as "emotional distress", but rather "pain and suffering" directly relating to actual physical harm which she suffered, directly resultant from the Defendants' actions contrary to its contractual obligations under Title IX.

As time passes since the Cummings decision, a few decisions applying the Cummings reasoning to Title IX cases have been published by various Circuit Courts of Appeals. None have the same factual and procedural scenario as in the case before the Court, however, we can consider their reasoning in our analysis of the facts presently at issue.

In **Bonnewitz v. Baylor University 6:21-cv-00491, 2022 U.S. Dist. LEXIS 122572 (W.D. Tex. July 12, 2022)**, the Texas Western District Court refused the Plaintiff's presentation of evidence of emotional distress in her suit against her college for Retaliation. Although she was already denied a spot on the tennis team several years previously, she engaged the men's tennis coach to help her work toward obtaining a place on the women's team. The coach allegedly made inappropriate advances to her and she filed a Title IX claim raising allegations against him.

6

She then tried out for a spot on the women's team and was denied.  She alleged that this denial was in retaliation for her complaint.  This dispositive motion was brought under Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.  The Magistrate Judge hearing the Motion wrote in his Report and Recommendation that the Cummings case controls barring claims for emotional pain and humiliation in a Title IX claim.  Plaintiff claimed that she had included in her Complaint a claim for unspecified "monetary damages" for a claimed injury.  The Court granted the Motion to dismiss finding that the claim for "monetary damages failed to include sufficient factual detail to apprise Defendant of the specific damages Plaintiff is seeking".  *Bonnewitz* @ p. 8.  The Magistrate Judge hearing the Motion recommended that the Motion to be Dismissed be Granted without prejudice with leave to amend the complaint.  *Bonnewitz* @ P. 9

Unlike the *Bonnewitz* case, the Plaintiffs in the instant case have pled considerable damages in addition to emotional distress.  They have also claimed compensatory damages for injuries, psychological damage, post traumatic syndrome, medical expenses and loss of enjoyment.  Also, they have made claim for statutory damages, costs, reasonable attorney fees and other relief as the circumstances may deem mete.

The damages to the Plaintiffs, as stated in the Complaint as is further evidenced by the limited discovery that has been allowed to date, indicate that, unlike the injuries alleged by the Plaintiffs in *Cummings* and in *Bonnewitz,* our Plaintiff has, through responsive pleadings, discovery, and testimony, has provided considerable, credible evidence of the compensatory damages she has suffered as a result of the Defendants' violation of Title IX.

In ***Fantasia v. Montefoire New Rochelle*, 19 CV 11054 (VB**), the District Court for the Southern District of New York took up the matter of claims against the Defendant for violation

7

of the Rehabilitation Act, the Affordable Care Act and the NY State Human Rights Law. In light of the Cummings decision, the Court requested that the parties brief whether subject matter jurisdiction still existed in the case where claims had been brought for emotional distress, since the case was brought under the Americans With Disabilities Act. In this case, the Plaintiff sought compensatory damages, injunctive, relief, attorney's fees and costs.

The Court in *Fantasia* found that even if a Plaintiff is unable to calculate compensatory damages due to her, she is still entitled to seek nominal damages for defendant's alleged violations of Title IV. *Fantasia @* P. 4. Her claim is not moot. *Fantasia @* P. 4, citing *Uzuegbunam v. Preczewski*, 141 S. Ct. at 801-2. Furthermore, the said plaintiff may seek nominal damages at trial even if she did not explicitly request nominal damages in her complaint. Final judgments shall "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings". *Irish Lesbian & Gay Org. v. Giuliani*, 143 F. 3d 638, 651 (2d Cir. 1998).

Plaintiffs' decision not to request nominal damages in her complaint is not dispositive. Because plaintiff requested compensatory damages in her complaint, she may seek nominal damages at trial. Accordingly, Plaintiffs' claims are not moot and Summary Judgment is inappropriate even if Plaintiffs cannot show actual damages flowing from the breach of contract, they are entitled to nominal damages.

In the matter of ***Doe v. Purdue University***, US District Court for the Northern District of Indiana, Lafayette Division in CA No. 4-18 v 89-JEM, the Court addressed whether testimonial evidence of Plaintiff regarding emotional distress or harm should be allowed at trial. The Court, in *Doe v. Purdue* found that "Because Cummings was not a Title IX action, it does not make

8

evidence of emotional distress or harm inadmissible in this [Title IX] case. Therefore, evidence of such damages will not be precluded. **Doe v. Purdue** @4.

## V. CONCLUSION

FOR THE REASONS AS AFORESAID, Plaintiffs hereby pray that this Honorable Court deny the Defendants' Motion for Summary Judgment and allow discovery to proceed in a reasonable and expeditious manner. Alternatively, should the Court determine that Plaintiffs' pleadings of damages to the Minor Plaintiff lack sufficient specificity, the Plaintiffs pray that they be permitted to amend their Complaint to contain the specific allegations that the Court so requires.


DATED:        August 22, 2022

RESPECTFULLY SUBMITTED,

Plaintiffs,

By Their Attorney

/s/ George Patrick Hovarth
George Patrick Hovarth #5683
75 Park Place
Pawtucket, RI 02860
401-723-9010
Fax: 401-723-3130
E-mail: ghovarthesq@verizon.net
hovarthlaw@verizon.net