UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JANE DOE, parent and next of friend of MARY DOE, a minor in and for her own behalf and in their own right,<br>   *Plaintiffs*,<br><br> v.<br><br>CITY OF PAWTUCKET, et. al.<br>   *Defendants* | C.A. No. 17-365-M-LDA |

**DEFENDANTS', CITY OF PAWTUCKET AND PAWTUCKET SCHOOL DEPARTMENT'S, REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I. **Introduction**

Defendants have moved for summary judgment based on *Cummings v. Premier Rehab Keller*, P.L.L.C., 2022 U.S. LEXIS 2230, 142 S. Ct. 1562, 1570 (2022)'s holding that emotional distress damages is barred for claims brought under anti-discriminatory legislation passed pursuant to the authority of the Spending Clause. Because Title IX was passed pursuant to Congress' authority under the Spending Clause, *Cummings* similarly applies to prohibit emotional distress damages for alleged Title IX violations. Plaintiffs' claim for damages is limited to a request for emotional distress damages. *Complaint,* at Count I. Accordingly, Defendants move for the entry of summary judgment on Plaintiffs' Title IX claim. Plaintiff has objected and cited various theories in opposition. As described *infra*, Plaintiffs' theories fail to demonstrate compensable damages under *Cummings* and thus summary judgment should accordingly be entered in favor of Defendants.

**II.    Argument**

   A.  Under *Cummings,* Plaintiffs are not entitled to emotional distress damages for the alleged Title IX violation

In the first instance, it is not entirely clear whether Plaintiffs are challenging the conclusion that *Cummings'* preclusion of emotional distress damages applies with equal force to Title IX claims. The sum and substance of Plaintiffs' opposition to applying *Cummings* to Title IX claims appears to be Plaintiffs' assertion that *Cummings* was a claim brought under the Affordable Care Act ("ACA"). *Plaintiffs' Memorandum in Support of Objection to Motion for Summary Judgment (ECF No. 119-1) at 4 ("Plaintiffs' Memo").* Plaintiffs, however, proceed to acknowledge that *Cummings* "speculated that because the statute controlling the Title IX cases was also based upon contractual relationship, it was likely that no exemplary damages could be awarded." *Id.*

In fact, as previously outlined in Defendants' Memorandum, although *Cummings* addressed claims under the Rehabilitation Act of 1973 and the ACA, the analysis of the Court applies with equal force to claims brought under Title IX. See *Defendants' Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 118-1), at 5-9 ("Defendants' Memo").* Like the Rehabilitation Act and ACA, Title IX was enacted under the authority of the Spending Clause and the Supreme Court has confirmed that implied action for damages for alleged violations is limited to contractual remedies. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 118 S. Ct. 1989, 1993 (1998) ("Title IX's contractual nature has implications for the construction of the scope of available remedies").

In fact, since the filing of the Defendants' Motion for Summary Judgment, other Courts have similarly held that *Cummings* applies to Title IX claims and precludes emotional distress damages under Title IX claims. See ie *Doe v. Curators of the Univ. of Mo.*, No. 19-cv-04229-

NKL, 2022 U.S. Dist. LEXIS 145137, at *6-7 (W.D. Mo. Aug. 15, 2022) (granting Motion for Summary Judgment with respect to Plaintiffs' requests for emotional distress damages on the Title IX claims); *Doe v. Purdue Univ.*, No. 2:17-CV-33-JPK, 2022 U.S. Dist. LEXIS 143478 at *36 (N.D. Ind. Aug. 11, 2022) (granting motion to dismiss Plaintiff's claim for "emotional and psychological damages" on Title IX claim). Cf. *Doe v. Board*, No. 4:20CV3036, 2022 U.S. Dist. LEXIS 148284, at *9 (D. Neb. Aug. 18, 2022) (granted Motion in Limine limiting expert testimony on emotional distress/PTSD claims based in part on *Cummings* precluding emotional-distress damages in Title IX cases); *Doe v. Bd. of Regents of the Univ. of Neb.*, No. 4:20CV3036, 2022 U.S. Dist. LEXIS 148284, at *10 (D. Neb. Aug. 18, 2022) (excluding any testimony regarding emotional damage under *Cummings)*. Accordingly, as a matter of law, Plaintiffs is not entitled to emotional distress damages for the alleged Title IX deprivation.[1]

That being said, Plaintiffs appears to proceed to argue that the Title IX claim survives because 1. there are outstanding discovery issues; 2. Plaintiffs seek "pain and suffering"; 3. Plaintiffs are entitled to nominal damages. Defendants addresses these theories in turn.

B. <u>Plaintiffs fail to demonstrate that outstanding discovery affects Plaintiffs' claim for non-emotional distress damages</u>

In the first instance, Plaintiffs' claim that the outstanding discovery issues somehow impact the instant Motion is misplaced. By way of background and clarification, Defendants dispute Plaintiffs' claim that Defendants have implored dilatory tactics or refused to provide discovery. As previously articulated to the Court, the outstanding discovery issues have been

---

[1] Because the resolution of Defendants' Motion for Summary Judgment is based on the legal conclusion that emotional distress damages are not recoverable under *Cummings* and Plaintiffs' Complaint only seeks emotional distress damages, the Court should note that Defendants did not file a Statement of Undisputed Facts in support of the instant Motion. See *Local Rule Cv 56(a)(1), (2)*. To the extent this Court should subsequently deem that one is necessary to address the instant Motion, Defendants will file the same.

frustrating but minimal. Rather than evidencing a delay or refusal to provide information, Defendants have worked diligently in their attempt to identify what information is being sought by Plaintiffs and/or coordinate requested depositions of past and present employees of the Pawtucket Learning Academy ("PLA"). [2]

But that being said, Plaintiffs nevertheless utterly fail to provide any basis as to why this outstanding discovery has any impact on the narrow issue of whether Plaintiffs are precluded from obtaining emotional distress damages in their Title IX claim and whether Plaintiffs have suffered any such non-emotional damages. In essence, although no motion has been filed, Plaintiffs appear to be seeking an Order under Rule 56(d). See *Plaintiffs' Memo, at 5* (stating that Motion is not ripe for decision until such "discovery has been completed"). Rule 56(d) "protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 28 (1st Cir. 2013). However, such a request comes with a burden. Specifically, a party seeking to defer a decision on a summary judgment motion in order to obtain additional discovery must, "by affidavit or in some other authoritative manner: (i) explain[] his or her current inability to adduce the facts essential to filing an opposition, (ii) provide[] a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicate[] how those facts would influence the outcome of the pending summary judgment motion." *Id.* at 28-29.

Plaintiffs have utterly failed to meet any of these basic requirements. Most notably, Plaintiffs do not identify what, if any, evidence is expected from the outstanding depositions to

---

[2] For example, Plaintiffs provided Defendants a list of PLA employees they wished to depose. Defendants contacted and confirmed the availability of those on the list, but Plaintiffs then issued Notices of Deposition for employees (past and present) not on their original list. In the short few months that the parties have attempted to work out these scheduling issues, Plaintiffs themselves have cancelled depositions at the last minute for their own scheduling issues.

support Plaintiffs' claim that Plaintiff suffered non-emotional damages. In fact, the outstanding discovery appears to be the depositions of employees or former employees of the PLA. Plaintiffs fail to provide any explanation or indication as to how these employees' testimony would demonstrate non-emotional damages suffered by the Plaintiffs. Accordingly, Plaintiffs' reliance on such outstanding discovery has no impact on the instant motion and should not delay this Court from addressing the instant motion.

    C.  Plaintiffs fail to support their argument that they are entitled to "pain and suffering"

Plaintiffs alternatively argue that summary judgment should be denied because Plaintiffs seek damages for "pain and suffering" emanating from "physical and mental injuries." *Plaintiffs' Memo., at 6.*  Beyond this statement, Plaintiffs offer no evidence to support their allegation of "pain and suffering" from a "physical injury" that is non-emotional distress or trauma. As Defendants demonstrate in their Motion, not only does Plaintiffs' Complaint not cite any claim for "physical injury", it specifically only seeks "[c]ompensatory damages for Minor Plaintiff's *emotional distress and psychological damage, post traumatic syndrome, medical expenses, loss of enjoyment and other injuries.*" *Defendants' Memo., at 9-10.*  Moreover, Plaintiffs fail to affirmatively identify, with competent evidence, any other compensable injuries beyond the emotional stress, psychological and post-traumatic damages identified in the Complaint. *Id.*

On a motion for summary judgment, "[o]nce the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer definite, <u>competent evidence</u> to rebut the motion." *Meuser v. Fed. Express Corp.*, 564 F.3d 507, 515 (1st Cir. 2009) (emphasis added). Plaintiffs' allegations in their Memorandum in opposition to the Summary Judgment Motion are mere conclusory statements which are simply insufficient to meet this burden. *Welch v. Ciampa*, 542 F.3d 927, 935 (1st Cir. 2008) ("Although we give the

nonmoving party the benefit of all reasonable inferences, a party cannot rest on 'conclusory allegations. . . [or] unsupported speculation' to defeat a motion for summary judgment"). Rather, Plaintiff rests on their own conclusion that Plaintiffs' damages amounted to "pain and suffering" for "physical injury" without setting forth either legal support or specific facts (supported by competent evidence for the same. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Not only do Plaintiffs fail to seek such damages in their Complaint, but Plaintiffs' prayer for relief as well as their discovery responses undermines this argument. That is, Plaintiffs claim that the minor Plaintiff endured emotional trauma but do not offer any evidence of physical injury. Plaintiffs' conclusory statement that Plaintiffs seek compensable pain and suffering for a physical injury is thus refuted by their own pleadings and discovery.[3]

D. Plaintiffs' late-claim for "nominal damages" does not supercede *Cummings*

Finally, Plaintiffs seek to avoid summary judgment by claiming an entitlement to unpled relief for "nominal damages." *Plaintiffs' Memo*, at 8. In support thereof, Plaintiffs cite *Fantasia v. Montefoire New Rochelle*, No. 19 CV 11054 (VB), 2022 U.S. Dist. LEXIS 107935, at *1 (S.D.N.Y. June 16, 2022). Notably, *Fantasia* is distinguishable in the first instance because rather than being before the Court on a Motion for Summary Judgment, the Court asked for memoranda addressing whether it possessed subject-matter jurisdiction over the Rehabilitation Act or ACA, or if the claims were moot, in light of *Cummings*. The Court ultimately concluded

---

[3] That being said, it is also noteworthy that Plaintiffs fail to cite any legal support for finding that "physical injuries" are nevertheless recoverable for a breach of contract. See ie Cf. *Mechler v. John Hancock Life Ins. Co.*, No. 07-0724-CB-M, 2008 U.S. Dist. LEXIS 75955, at *1 (S.D. Ala. Sep. 30, 2008) (Consequential damages for physical injury, pain and suffering, mental anguish, and past and future medical expenses are not recoverable for breach of contract under Alabama law);

that the plaintiffs' claims were "not moot because [Plaintiff] is entitled to seek "expectation damages, damages for "dignitary harm," *or* nominal damages at trial." *Id.* at *3 (emphasis added). In the instant case, meanwhile, Plaintiffs are faced with a Motion for Summary Judgment demonstrating that no such other claim for damages has been presented by Plaintiffs. As such, Plaintiffs are required to produce competent evidence demonstrating an entitlement to non-emotional damages in opposition to the Motion for Summary Judgment. *Meuser*, 564 F.3d at 515.

Nevertheless, it has also been held that "in the wake of *Cummings*, Plaintiffs "cannot salvage" their . . . claim[s] "merely by recasting their request for relief as seeking nominal damages." *Hejmej v. Peconic Bay Med. Ctr.*, No. 17-cv-782 (JMA)(SIL), 2022 U.S. Dist. LEXIS 119114, at *25 (E.D.N.Y. July 5, 2022). As explained by the District Court for the Eastern District of New York, "the injuries at the heart of Plaintiffs' claims amount to non-compensable emotional distress. [As such, the] Court will not — and frankly, cannot — permit an award of damages, regardless of amount, where doing so would directly contradict a Supreme Court ruling." *Id.* Likewise, in the instant case, the injuries at the heart of Plaintiffs' claim are for the non-compensable emotional distress. As such, a late-claimed entitlement to nominal damages in place of such clearly impermissible damages should be rejected.

In the final analysis, it also bears noting that Plaintiffs have not requested nominal damages in their Complaint. While Plaintiffs cite the District Court case of *Fantasia* to support the right to such unpled damages, the weight of authority rejects such a late effort to resurrect an otherwise invalid claim. See ie *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71, 117 S. Ct. 1055, 1070 (1997) (a claim "extracted late in the day from [a] general prayer for relief and asserted solely to avoid otherwise certain mootness, b[ears] close inspection"); *Fox v. Bd. of*

*Trustees of State Univ. of New York*, 42 F.3d 135, 141 (2d Cir. 1994) (complaint's prayer for "such other relief as the Court deems just and proper" did not suffice to support a late-in-the-day claim for nominal damages to avoid mootness because "there is absolutely no specific mention in the Complaint of nominal damages" (internal quotation marks and adjustment omitted)).

**III.   Conclusion**

For the reasons cited herein, as well as those raised in Defendants' Memorandum of Law in Support of their Motion for Summary Judgment and those that may be raised at hearing, Defendants respectfully move for the entry of summary judgment.

Defendants,
By its attorney,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
401-272-4442
marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 29th day of August 2022 and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

George P. Hovarth, Esq.
ghovarthesq@verizon.net

*/s/ Marc DeSisto*