UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JANE DOE, parent and next of friend of MARY DOE, a minor in and for her own behalf and in their own right, <br>     Plaintiffs, <br><br> v. <br><br> CITY OF PAWTUCKET, and the PAWTUCKET SCHOOL DEPARTMENT <br>     Defendants. | C.A. No. 17-365-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

This case comes to the Court on partial remand and vacatur by the United States Court of Appeals for the First Circuit. *Doe v. Pawtucket Sch. Dep't*, 969 F.3d 1, 11 (1st Cir. 2020). Defendants have now moved for summary judgment on the ground that the United States Supreme Court's intervening decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1570 (2022) eliminates all remaining damages that Plaintiffs seek. ECF No. 118 at 3. For the reasons below, the Court DENIES Defendants' motion in part and GRANTS Defendants' motion in part.

I. **BACKGROUND**

Plaintiffs, Mary Doe, a minor, and Jane Doe, her mother and next of friend, brought this action alleging an assortment of Federal- and state-law claims against the City of Pawtucket, the Pawtucket School Committee and its members, the

Superintendent of School, as well as several members of the Pawtucket Learning Academy staff, regarding incidents of alleged sexual assault. ECF No. 57. The Court granted Defendants' joint motion to dismiss all the claims in Plaintiffs' Third Amended Complaint. *Doe Next Friend Doe v. City of Pawtucket, et al.*, 374 F. Supp. 3d 188, 204-05 (D.R.I. 2019). Plaintiffs then appealed the adverse decision, concentrating their efforts primarily on Count I, which alleged a violation of Title IX of the Education Amendments of 1972. *See Doe v. Pawtucket Sch. Dep't*, 969 F.3d at 6. The First Circuit vacated the Court's entry of judgment against Doe on her Title IX claim against the City and School Department and allowed this narrower version of the claim to proceed. *Id.* at 11. However, the First Circuit affirmed the Court's dismissal of the remaining claims. *Id.* Defendants now move for summary judgment. ECF No. 118.

## II.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") controls in deciding whether a party is entitled to summary judgment. Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* More particularly,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding whether the Court should grant summary judgment, the Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995). As alluded to, there must first be no genuine issues of material fact. "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Thus, the issue must be genuine and material. *See id.* "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.... '[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994) (citations omitted) (internal quotation marks omitted).

Additionally, the moving party must be entitled to judgment as a matter of law. The moving party is "entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323 (citations omitted) (internal quotation marks omitted). The Court decides this latter element of the summary judgment standard by evaluating "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon

whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 252 (alteration in original) (emphasis in original) (citations omitted) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiffs only remaining claim alleges a violation of Title IX. *See Doe v. Pawtucket Sch. Dep't*, 969 F.3d at 11. However, in the intervening time, the Supreme Court handed down its decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, which held that emotional distress damages are precluded in private actions to enforce the Affordable Care Act ("ACA") and Rehabilitation Act of 1973 ("RA"). *Cummings*, 142 S. Ct. at 1576. Defendants argue that, because Title IX resembles the ACA and RA, emotional distress damages are similarly unavailable in private suits to enforce its provisions. ECF No. 118 at 6-11. Accordingly, Plaintiffs would no longer have a viable claim because their request for relief was limited to emotional distress damages. *Id.*

Plaintiffs muster several arguments in response, most of which are unavailing. *See* ECF No. 119 at 6-11. First, they argue that *Cummings* does not apply to Title IX because the Supreme Court's holding was limited to the ACA and RA. *Id.* at 6. Second, they contend that they have asserted claims for several forms of damages in addition to emotional distress. *Id.* Third, they note that there is still outstanding discovery, which should preclude summary judgment. *Id.* at 7. The following sections address each issue in turn.

### A. Emotional Distress Damages under Title IX after *Cummings*

While the Supreme Court's holding in *Cummings* was limited to the ACA and RA, the opinion's underlying reasoning forces the same conclusion for Title IX. Because "Congress has broad power under the Spending Clause of the Constitution to set the terms on which it disburses federal funds," the Supreme Court reasoned that legislation passed by Congress under the Spending Clause is analogous to a contract between the Federal Government and the recipient of federal funds. *Cummings*, 142 S. Ct. at 1568. Congress thus has the power to dictate the terms with which federal funds recipients must comply, but these obligations must be clearly stated so that a recipient has notice of its obligations before choosing to accept the agreement. *Id.* at 1570. Without such notice, a recipient would not be able to knowingly accept the agreement with the Federal Government, and thus bind itself to such terms. *Id.* In other words, the federal funds recipient must have unambiguous notice of the liability that it could face for accepting federal funds. *Id.* at 1570-71 (citing *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006)).

Neither statute at issue in *Cummings*—the ACA and RA—mentions remedies. *Id.* at 1571. However, the Supreme Court noted that remedies that have been traditionally available in breach of contract suits remain available. *Id.* A federal funds recipient would have notice of those remedies given the contractual nature of its relationship with the Federal Government. *Id.* (citing *Barnes v. Gorman*, 536 U.S. 181, 187 (2002)). After surveying several legal authorities, the Supreme Court

concluded that compensatory damages and injunctions are the only two remedies that have been traditionally available in breach of contract suits. *Id.* at 1571. Moreover, emotional distress damages have not been "generally" or "normally" available in breach of contract suits. *Id.* (internal quotation marks omitted) (citing *Barnes*, 536 U.S. at 187-88). Emotional distress damages could be available if the contract, or breach thereof, is particularly likely to lead to emotional disturbance. *Id.* at 1572. Such damages may also be available where a party to a contract may bring a related tort action. *Id.* at 1575-76. Nonetheless, the Supreme Court observed that these two situations represent special rules. *Id.* at 1572, 1575-76. The controlling precedent from *Barnes* requires that a type of damages be *generally* available in breach of contract suits for that type to also be available under Spending Clause statutes. *Barnes*, 536 U.S. at 187-88. Because emotional distress damages only result from breach of "highly unusual contracts, which do not fit into the core of contract law," the Supreme Court concluded that emotional distress damages are unavailable in private suits to enforce the ACA and RA. *Cummings*, 142 S. Ct. at 1576 (internal quotation marks omitted) (quoting David A. Hoffman & Alexander S. Radus, 81 FORDHAM L. REV. 1221, 1230 (2012)).

It is no large leap to conclude that the Supreme Court's reasoning in *Cummings* applies to Title IX cases. In fact, in its opinion, the Supreme Court expressly noted that Congress has enacted four statutes that proscribe federal funds recipients from discriminating against persons based on protected characteristics. *Id.* at 1569. Congress passed all these statutes pursuant to its Spending Clause

authority. *Id.* The Supreme Court further noted that it had previously found an implied private right of action to enforce Title VI and Title IX, as they did not explicitly provide for private remedies.[1] *Id.* In turn, the ACA and RA explicitly incorporated the rights and remedies for which Title VI provides. 29 U.S.C. § 794a(a)(2); 42 U.S.C. § 18116(a). However, the Supreme Court noted that it had never been able to define the full scope of relief available under these statutes. *Cummings*, 142 S. Ct. at 1570. Now given such an opportunity, it stated that, "[i]n order to decide whether emotional distress damages are available under the Spending Clause statutes we consider here, we therefore ask a simple question: Would a prospective funding recipient ... have been aware that it would face such liability? If yes, then emotional distress damages are available; if no, they are not." *Id.* at 1570-71 (cleaned up). Given the similarities between Title IX and the ACA and RA, the answer to this question for Title IX must also be in the negative. The Supreme Court's opinion in *Cummings* therefore dictates that emotional distress damages are unavailable in private suits to enforce Title IX. *Id.*

In response, Plaintiffs cite to *Doe v. Purdue Univ.*, No. 4-18-CV-89-JEM, 2022 U.S. Dist. LEXIS 128601, at *10-11 (N.D. Ind. July 20, 2022), in which the United States District Court for the Northern District of Indiana ruled that evidence of emotional distress harm was admissible at trial to support a Title IX claim. That court reasoned that *Cummings* was inapplicable to the Title IX claim because

---

[1] The Supreme Court subsequently concluded that Congress ratified its creation of these private remedies. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

*Cummings*' holding did not reach Title IX. *Id.* While not authoritative, to the extent that this opinion provides persuasive value, there is little to be found. Such an opinion made a conclusory statement that is against the thrust—even if relegated to dicta—of the Supreme Court's opinion in *Cummings*. Moreover, numerous other courts have held to the contrary on more complete analyses. *See, e.g., Doe v. Curators of Univ. of Missouri*, No. 19-cv-04229-NKL, 2022 U.S. Dist. LEXIS 145137, at *3-4, *6 (W.D. Mo. Aug. 15, 2022) (holding that *Cummings* also covers Title IX claims); *Bonnewitz v. Baylor Univ.*, No. 6:21-cv-00491-ADA-DTG, 2022 U.S. Dist. LEXIS 122572, at *9-12 (W.D. Tex. July 12, 2022) (same). Accordingly, the Court sees no other option but to conclude that emotional distress damages are precluded in private suits to enforce Title IX.

## B.   Additional Damages

Although the legal force of *Cummings* may be clear, this case presents some additional factual scenarios. In addition to emotional distress damages, Plaintiffs also seek medical expenses, compensatory damages for "'pain and suffering,'" nominal damages, statutory damages, and relief for "other injuries."[2] ECF No. 119 at 6, 8; ECF No. 57 at 26-27, ¶ 87.

---

[2] Count I of the complaint also sought punitive damages under Title IX. ECF No. 57 at 27, ¶ 87. However, as Defendants note, this claim fails at the outset because only municipal defendants remain, and punitive damages are unavailable against a municipality without explicit authorization from Congress. *See Booker v. City of Boston*, 2000 U.S. Dist. LEXIS 18652, at *12-13 (D. Mass. Dec. 12, 2000) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263 (1981)). Moreover, under the *Cummings* line of cases, because punitive damages have not been generally recoverable in breach of contract cases, they clearly would be precluded under this

### 1. Medical Expenses

In their motion for summary judgment, Defendants conclude that Plaintiffs have limited their claims to emotional distress damages for violations of Title IX. *See* ECF No. 118 at 10. But Plaintiffs did request medical expenses, some of which can be attributed to treatment for physical injuries. *See* ECF No. 57 at 21-22, ¶ 77. In fact, the minor Plaintiff alleged that she was sexually assaulted for which she subsequently received medical treatment. *Id.* Moreover, Plaintiffs produced medical records in discovery to support this claim. *See* ECF No. 80, Plaintiffs' Ex. B3 at 8-10. These damages stem from medical examination and treatment for physical harm that the minor Plaintiff might have sustained during her sexual assault. *Id.* Because these compensatory damages result from non-emotional distress harm, *Cummings* does not preclude them.

Though not initially addressing the issue, Defendants, in their reply brief, do drop a footnote that highlights Plaintiffs' lack of legal support for the notion that damages for physical injury are available in a breach of contract action. *See* ECF No. 120 at 6 & n.3. In support of the contrary contention, Defendants cite to the well-established practice in Alabama state law that damages for physical injury and medical expenses, among other forms of damages, are unavailable in breach of contract actions. *See Mechler v. John Hancock Life Ins. Co.*, 2008 U.S. Dist. LEXIS

---

alternative rationale. *See Peterson v. New. Eng. Inst. of Tech.*, No. 14-63-ML, 2014 U.S. Dist. LEXIS 79734 (June 9, 2014) ("Although the First Circuit has not yet addressed this issue, other circuits have concluded that punitive damages are not available for private actions to enforce Title IX.") (relying on cases that cite *Barnes*).

75955, at *16 (S.D. Ala. Sept. 30, 2008) (citing *Vincent v. Blue Cross Blue Shield of Alabama*, 373 So. 2d 1054, 1056 (Ala. 1979)). Ironically, Defendants' very attempt to rebut Plaintiffs' argument has undermined their own. It is the movant Defendants who carry the burden of justifying summary judgment in this case. Thus far, they have only proffered evidence that such a practice of precluding medical expenses in breach of contract actions does exist. Yet, many sources to which the Supreme Court referred in *Cummings* also noted the availability of damages for physical injury in breach of contract actions. *See* Hoffman & Radus, *supra*, at 1229-30 (citations omitted) ("Another common exception to the general prohibition on noneconomic damages is when a breach of contract results in physical injury or extreme hardship."). To be sure, the Supreme Court in *Cummings* wrestled with the disagreement over the availability of emotional distress damages, but ultimately concluded that the lack of consensus meant that such a remedy was not generally available, and thus a defendant would not have had "'clear notice'" thereof. *Cummings*, 142 S. Ct. at 1576. However, Defendants have not proffered the same extensive analysis of contract law with respect to medical expenses. Given that these damages have been available in breach of contract actions, and Defendants have not persuaded the Court that their availability is a special rule, they have not met their burden at the summary judgment phase of demonstrating that these damages fall under the *Cummings* line of cases (and thus precluding them). Plaintiffs therefore still maintain a viable claim for medical expenses.

### 2. Compensatory Damages for Pain and Suffering

Plaintiffs additionally argue that the minor Plaintiff "suffered physical and mental injuries that required hospital treatment, medication, and psychological therapy that continues to date," which are best characterized as "'pain and suffering'" rather than "'emotional distress.'" ECF No. 119 at 8. As to physical injuries and hospital treatments, that argument has been properly addressed above. However, as to any independent claim for pain and suffering, the Court fails to see how what Plaintiffs claim as pain and suffering is distinct from emotional distress. The non-medical expense, non-emotional distress damages requested in the complaint—psychological damage, post traumatic syndrome, and loss of enjoyment—resemble varying forms or descriptions of emotional distress. Additionally, Plaintiffs offered no supporting evidence for this assertion. *See Welch v. Ciampa*, 542 F.3d 927, 935 (1st Cir. 2008) ("Although we give the nonmoving party the benefit of all reasonable inferences, a party cannot rest on 'conclusory allegations.'"). Accordingly, the Court finds that Plaintiff has failed to demonstrate with sufficient specificity compensatory damages for pain and suffering independent of medical expenses and emotional distress.

### 3. Nominal Damages

Plaintiffs further argue that they are entitled to nominal damages. ECF No. 119 at 10. In general, a plaintiff can recover nominal damages for the breach of a contract where it cannot prove the damages that actually resulted from the breach or where no damages resulted from the breach. RESTATEMENT (SECOND) OF

11

CONTRACTS § 346(2) (Am. L. Inst. May 2022 Update); 24 WILLISTON ON CONTRACTS § 64.9 (4th ed. May 2022 Update). Additionally, Plaintiffs argue that they may now pursue nominal damages despite not having requested them in their complaint. ECF No. 119 at 10. Defendants counter that permitting such a late claim for nominal damages is against the weight of the case law. ECF No. 120 at 7-9. Whatever the cases may say, it is unnecessary to decide the permissibility of a late claim for nominal damages.

The Court finds that Plaintiffs possess no claim for nominal damages even were they able to pursue it now. Nominal damages are intended to be a substitute for a lack of damages or damages that cannot be proven. RESTATEMENT (SECOND) OF CONTRACTS, *supra*, § 346(2). They are not a substitute for damages that might be proven but are otherwise unavailable. *Contra id.* § 346 cmt. b, illus. 1. Therefore, to the extent that Plaintiffs seek nominal damages for harm that is properly characterized as emotional distress, the Court rejects such a facial rebranding. As the United States District Court for the Eastern District of New York observed, "Plaintiffs cannot salvage their ... claim merely by recasting their request for relief [seeking emotional distress damages] as seeking nominal damages." *Hejmej v. Peconic Bay Med. Ctr.*, No. 17-cv-782 (JMA)(SIL), 2022 U.S. Dist. LEXIS 119114, at *25 (E.D.N.Y. July 5, 2022) (citations omitted) (internal quotation marks omitted). With respect to nominal damages for other harms, there is no need to seek such damages because Plaintiffs can seek specific amounts based on the medical bills that

12

they received. Accordingly, the Court rejects any attempt by Plaintiffs to add a claim for nominal damages.

### 4. Statutory and Other Damages

Finally, Plaintiffs argue that they are entitled to statutory damages and "other relief as the circumstances may deem mete." ECF No. 119 at 9. However, they do not point to any legal or factual basis for such damages. Title IX itself does not expressly provide for any private remedy. *See Cummings*, 142 S. Ct. at 1569. Additionally, the above discussions have covered all the harms that Plaintiffs have alleged. It is thus unclear what "other injuries" there are for which Plaintiffs might seek relief. ECF No. 57 at 26, ¶ 87. Moreover, "[o]nce the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer 'definite, competent evidence to rebut the motion.'" *Meuser v. Fed. Express Corp.*, 564 F.3d 507, 515 (1st Cir. 2009) (citations omitted); *see also Welch v. Ciampa*, 542 F.3d 927, 935 (1st Cir. 2008) (noting that a plaintiff must rely on more than "'conclusory allegations'" to overcome summary judgment). The Court thus will not tack on any additional damages solely based on ambiguous asks in the Plaintiffs' papers.

### C. Outstanding Discovery

Plaintiffs raise one last concern, which is that summary judgment is not appropriate given that discovery remains incomplete. ECF No. 119 at 7. As an initial matter, discovery is irrelevant to whether emotional distress damages are available in private suits to enforce Title IX because Defendants make a purely legal argument

that they are precluded. *See* ECF No. 120 at 4. What persists is thus whether summary judgment nevertheless is appropriate on Plaintiffs' claim for medical expenses. On this point, Defendants' motion for summary judgment is silent. *See* ECF No. 118. Additionally, in opposition to Plaintiffs' discovery arguments, Defendants only respond that Plaintiffs have not demonstrated what discovery is outstanding and how it affects this case. *See* ECF No. 120 at 4-5.

In any event, these arguments skirt the issue. Rule 56 requires that Defendants show that there is no genuine issue of material fact. Fed. R. Civ. P. 56. Defendants have not made such an effort on the factual issues that the First Circuit laid out as potentially actionable under Title IX. *See Doe v. Pawtucket Sch. Dep't*, 969 F.3d at 5, 8-11 ("Because Doe's allegations, if true, tell a plausible story of deliberate indifference by school officials to repeated and severe sexual harassment, we vacate the dismissal of her claim ... and allow a somewhat narrowed version of it to proceed on remand."). Defendants have not specifically pointed to any lack of genuine factual dispute regarding Doe's allegations of deliberate indifference to repeated sexual assault. In fact, it is such a sexual assault from which Plaintiffs' remaining claim for medical expenses would arise. Therefore, Defendants have not met their burden to show that they are entitled to summary judgment on Plaintiffs' remaining viable claim for medical expenses.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion for Summary Judgment with respect to Plaintiffs' claim for medical expenses but

GRANTS Defendants' motion for summary judgment with respect to Plaintiffs claims for all other damages. ECF No. 118.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

September 29, 2022